STATE EX REL. STRAIGHT, Appellant, vs. LEVITAN, State Treasurer, Respondent.

*December 4, 1928—January 8, 1929.*

For the appellant there was a brief by *Samuel M. Pedrick* and *Roy E. Reed,* both of Ripon, and oral argument by *Mr. Pedrick* and *Mr. Reed.*

For the respondent there was a brief by the *Attorney General* and *Franklin E. Bump,* assistant attorney general, and oral argument by *Mr. Bump.*

OWEN, J. On the 24th day of February, 1925, the county court of Green Lake county assessed an inheritance tax against the estate of Silas W. Phelps, deceased. Included in such tax were gifts and transfers of property made within six years prior to the death of the deceased, in accordance with sec. 72.01 (3), Stats. The tax so assessed was paid. After said statute was held unconstitutional in *Schlesinger v. Wisconsin,* 270 U. S. 230, 46 Sup. Ct. 260, Edna Phelps Straight, as special administratrix of the estate, for the benefit of the heirs of said estate, applied to the state treasurer for a refund, under the provisions of sec. 72.08 (2), which provides:

"(2) *Erroneously paid.* When any amount of said tax shall have been paid erroneously into the state treasury, it shall be lawful for the state treasurer upon receiving a transcript from the county court record showing the facts to refund the amount of such erroneous or illegal payment to the executor, administrator, trustee, person, or persons who have paid any such tax in error, from the treasury; or the said state treasurer may order, direct, and allow the treasurer of any county to refund the amount of any illegal or erroneous payment of such tax out of the funds in his hands or custody to the credit of such taxes, and credit him with the same in his quarterly account rendered to the state treasurer under this chapter. Provided, however, that all applications for such refunding of erroneous taxes shall be

made within one year from the payment thereof, or within one year after the reversal or modification of the order fixing such tax."

To show that the assessment was erroneous, a statement by the county judge who determined the inheritance tax was filed with the state treasurer, to the effect that he computed the tax upon the value of gifts and transfers made by the deceased within six years prior to his death, and that there was no other evidence before him to the effect that such gifts and transfers had been made in contemplation of death. The only question here presented is whether upon such a record the plaintiff is entitled to a refund.

The contention of the appellant is that the statement of the county judge shows that the tax was erroneously computed, and, consequently, that the payment was erroneous. The tax was determined by the court having jurisdiction. Its determination and judgment is a verity until reversed, set aside, or modified by judicial authority. The state treasurer has no power to declare a judgment of a court erroneous. The judgment of the county court fixing the amount of the tax in the instant case could have been determined to be erroneous only by the county court itself on a rehearing, or by an appellate court. This question was recently thoroughly considered and decided in *Beck v. State*, 196 Wis. 242, 219 N. W. 197; *Beck v. Milwaukee County*, 196 Wis. 259, 219 N. W. 205; and in *Cudahy's Estate*, 196 Wis. 260, 219 N. W. 203. These authorities rule the present case against appellant and the judgment must be affirmed.

*By the Court.*—Judgment affirmed.