ESTATE OF GRANGER: CONTINENTAL ILLINOIS BANK AND TRUST COMPANY, Executor, Appellant, vs. TAX COMMISSION and others, Respondents.

*January 13—February 7, 1933.*

570

For the appellant there were briefs by *Mason & Priestley,* and oral argument by *Thomas M. Burke* and *Vroman Mason,* all of Madison.

For the respondents there was a brief by the *Attorney General, F. C. Seibold,* assistant attorney general, *Neil Conway,* inheritance tax counsel, and *J. C. Harper,* public administrator of Dane county, and oral argument by *Mr. Seibold* and *Mr. Conway.*

WICKHEM, J. Sec. 324.04, Stats., provides in substance that in counties having a population of over 15,000 the appeal to this court to review a determination or order of the county court is limited to sixty days from the date of the entry of such order. Sec. 324.05 provides:

"If any person aggrieved by any act of the county court shall, from any cause without fault on his part, have omitted to take his appeal according to law the county court of the same county may, if it shall appear that justice requires a revision of the case, on the petition of the party aggrieved and upon such terms and within such time as it shall deem reasonable, allow an appeal to be taken and prosecuted in like manner and with the same effect as though done seasonably."

The section further provides that such a petition for extension of time shall be filed within one year after the act complained of. It is concededly the law that a judgment of the county court fixing the amount of the inheritance tax is binding until it is reversed, set aside, or modified by judicial authority, and that sec. 72.08 (2), dealing with refunds, does not authorize the refunding of inheritance taxes by the state treasurer until such reversal or modification. *State ex rel. Straight v. Levitan,* 197 Wis. 549, 222 N. W. 805. Hence the question in this case is whether the county court abused its discretion in denying the petition to extend the time to appeal.

It is contended by the executor that the failure to take an appeal within sixty days was clearly without fault on the executor's part, for the following reasons: that while the estate at the time had money enough to pay the tax, it could not litigate the validity of the tax with any prospect of

having funds to meet the tax at the end of such litigation; that decisions in the Wisconsin supreme court and also the United States supreme court, and the general opinion of the bar, were to the effect that the tax was valid. The attorneys who advised payment did not know of the pendency of the case in the United States supreme court which eventually determined the invalidity of the tax, but it is contended that this did not constitute negligence.

It is our conclusion that these contentions, although ably defended, cannot be sustained. After a hearing the trial court stated that it was impressed with the fact that the petitioner had no serious intention of appealing within the sixty days, and that having voluntarily paid this tax with full knowledge of its right to appeal, it should not now be permitted to appeal.

It seems to us that there is no escape from this conclusion. This is not a case where petitioner was ignorant of its right to appeal, or intended to appeal and, without fault on its part, failed to perfect the appeal within sixty days. The executor, for reasons which it deemed entirely sufficient, notably the unlikelihood of a successful contest and the unwisdom of risking further funds of the estate in prosecuting such a contest, deliberately decided not to appeal, paid the tax, and closed the matter. The statute creating the right to an extension has no application to such a situation.

In *Beck v. State,* 196 Wis. 242, 219 N. W. 197, this court said:

"We find at least two insuperable obstacles to plaintiffs' recovery: first, the payment of the tax was a voluntary payment. . . .

"The tax in this case was paid within one year after the death of the grantor by the executors of the estate. As a result thereof the estate was allowed a discount of five per centum. There was no threat made to collect the tax. There was no coercion by the state acting through any tax collector. It was evidently paid for the purpose of procuring the five per centum discount."

In *Estate of Cudahy,* 196 Wis. 260, 219 N. W. 203, the court said:

"The petitioners here, as well as the executors of the estate, knew that they had the right of appeal from that judgment. They did not appeal. They accepted from the state and county treasurers the rebate to which they were entitled under the law. They acquiesced in the decision of the county court upon the constitutionality of the statute, and, to. all intents and purposes, utterly abandoned their contention that the law was unconstitutional. Being fully advised in the premises, they elected to abandon their right of appeal and abide by the judgment of the county court. It was only when the supreme court of the United States, several years later, in a proceeding in another estate, held the statute unconstitutional, that they made this petition for a correction or a modification of the former judgment."

While the *Cudahy Case* is not strictly in point, for the reason that the application there was made after the lapse of the year, what is said is applicable to this case, with the exception that here the proceedings were instituted by the executor for the determination of the tax, and upon the tax being determined it was almost immediately paid, and, so far as it appears, without any question being raised as to the correctness of the tax or the right of the state to levy it. The payment closed the case, and the county court did not abuse its discretion in refusing an extension of time to appeal. It follows that the order appealed from must be affirmed.

*By the Court.*—Order affirmed.