BELMONT STATE BANK, Respondent, vs. ESTATE OF SPETH and others, Appellants.

*April 7—May 11, 1926.*

*Appeal: New trials in county courts: Reopening case: Discretion of court: Review: Alteration of instruments: Changing rate of interest.*

1. Sec. 324.05, Stats., allowing the county court to reopen a case after the sixty-day limit prescribed by sec. 324.04, applies to the discretion of the court, and the judgment will not be set aside unless such discretion is abused. p. 132.

2. The denial of a motion under sec. 324.05, Stats., to reopen the case will not be disturbed where the moving papers did not disclose facts showing that the failure to appeal was through mistake, inadvertence, surprise, or excusable neglect. p. 132.

3. If the claimant bank, which filed a claim on a note against an estate, had in fact changed the rate of interest in the note without the consent of the maker, the estate would not be liable. Secs. 117.42 and 117.43, Stats. p. 133.

APPEAL from an order of the county court of Lafayette county: J. B. SIMPSON, Judge. *Affirmed.*

This is an appeal from a judgment allowing a claim in favor of the *Belmont State Bank* and against the *Estate of Caroline Speth,* deceased, and from an order denying the motion of the heirs of the decedent to open up said judgment for retrial.

For the appellants there was a brief by *F. K. Shuttleworth* and *F. D. Shuttleworth* of Madison, and oral argument by *F. K. Shuttleworth.*

For the respondent there was a brief by *Murphy & Murphy* of Platteville, and oral argument by *J. W. Murphy.*

CROWNHART, J. There is no bill of exceptions in the case. On April 22, 1924, the county court heard the claim of the bank against the estate, and entered an order allowing the same. The claim was based on a note for $1,200 given to the bank by the deceased and her daughter, Amelia Speth. It was orally objected at the hearing by the attorney for the estate that the note had been altered, in that the rate of interest, which was in fact six per cent., had been changed to seven per cent. Testimony was taken and the court allowed the amount of the note with interest at six per cent. No further proceedings were had with reference to the matter until the 26th of May, 1925, when the heirs of the deceased filed a motion, supported by affidavits, to the effect that said heirs would, on the 2d day of June, 1925, move the

court to reopen the order or judgment in said proceedings and take further testimony thereon. A counter affidavit was filed by the bank, and the matter was taken into consideration by the court, whereupon he denied the motion of the petitioners, and from such order the petitioners appeal.

Sec. 324.04, formerly sec. 4034, Stats., provides that appeals from the county court in counties having more than 15,000 population, in which Lafayette county is included, shall be taken within sixty days from the entry of the judgment or order appealed from.

Sec. 324.05, formerly sec. 4035, Stats., provides that the county court may relieve any party aggrieved who, without fault on his part, has omitted to take his appeal within the sixty days aforesaid, if it shall appear that justice requires a revision of the case; or the county court may in its discretion reopen the case and grant a new trial. This latter provision applies to the discretion of the court, and when the court has exercised its discretion its order or judgment will not be set aside except for abuse of that discretion. The affidavit and other moving papers on the part of the appellant do not disclose any facts from which it may be said that the moving party's failure to appeal was through any mistake, inadvertence, surprise, or excusable neglect. The petitioners' attorney makes the statement that the failure to appeal was because of mistake, inadvertence, surprise, or excusable neglect, but he supports his statement with no facts from which the court may find such statement to be true.

The case does not appeal strongly to the conscience of this court. There is no question but that the deceased owed the debt and that it was a proper charge against the estate. The claimant bank gave an explanation of how the change in the note occurred which, if true, excuses the bank from any intent to alter the note in fact. The bank made no claim

of interest beyond the six per cent. actually provided in the original note.

It is clear that the appellants were guilty of unreasonable delay in making their application to set aside the order or judgment of the county court.

Sec. 117.42, Stats., provides:

"Where a negotiable instrument is materially altered without the assent of all parties liable thereon, it is avoided, except as against a party who has himself made, authorized, or assented, orally or in writing, to the alteration and subsequent indorsers. . . ."

Sec. 117.43, Stats., provides:

"Any alteration which changes:
"(1) . . .
"(2) The sum payable, either for principal or interest,"—

is a material alteration. If the bank in fact changed the rate of interest in the note without the assent of the deceased, the estate would not be liable. But that is a question of fact upon which the court was required to pass, and upon which it did pass adversely to the appellants' position.

*By the Court.*—The order of the county court is affirmed.