ESTATE OF WALCZAK: WALCZAK, Administrator, Appellant, vs. WALCZAK and another, Respondents.

*November 7—December 4, 1934.*

For the appellant there was a brief by *Loose & Topolinski,* attorneys, and *Alfred C. Loose* and *Bruce B. Walczak* of counsel, all of Milwaukee, and oral argument by *Mr. Loose* and *Mr. Walczak.*

For the respondents there was a brief by *Seher & Seher* of Milwaukee, and oral argument by *Walter Seher.*

A brief was also filed by *Maxwell H. Herriott, amicus curiæ,* and *Lines, Spooner & Quarles* of counsel, all of Milwaukee.

WICKHEM, J.   Decedent died on October 27, 1928.   Administration of the estate was commenced in April, 1931, and Stephen Walczak appointed administrator on June 5, 1931.   The inventory disclosed personal property only.   This consisted almost entirely of assets of the firms known as "Milwaukee Lumber Company" and "Stephen Walczak." These names designated a partnership which had subsisted for upwards of forty years between Stephen Walczak and his wife, the decedent.   The partnership was engaged in the coal and lumber business.   There was an appraisal as of October 31, 1928.   The final decree in the estate was signed and filed July 11, 1932, some three and one-half years after the appraisal.   The filed decree provided for the distribution of the property of the estate amounting to $33,127.97, and further provided that this property be distributed in the sum of $4,141 cash to each of the eight heirs.   Thereafter six of the eight heirs filed receipts for their distributive shares. The contestants, the remaining two heirs, declined to accept proportionate shares of the assets from the administrator, and each demanded that they be paid in cash.   It is alleged in the petition that the administrator had in his possession no cash and only such personal property as made up the assets

of the firms heretofore mentioned. On March 31, 1933, suit was commenced in the circuit court for Milwaukee county against the administrator and his surety for the sum of $4,141 cash by each of the contestants in the present proceedings. Thereafter, on July 5, 1933, or about six days less than one year after the final decree, the administrator initiated the present proceedings by a petition to reopen the administration of the estate.

It is the contention of the administrator and petitioner that through inadvertence the final decree erroneously fixed the value of the assets at $33,127.97, which was their value as of October, 1928. It is claimed that it is a matter of common knowledge that due to the depression there occurred during the period between 1928 and 1932, a considerable depreciation in value of all property, and the administrator sets forth that at the time of the entry of the final decree the actual value of the assets was about sixty per cent of the appraised value. The petitioner further sets forth that, in any event, since he was not appointed administrator until June 5, 1931, he should not be held accountable for the appraised value of the property on any date prior to that of his appointment.

The proceedings are under sec. 324.05. This section, as it stood prior to 1933, and at the time when the proceedings were initiated, read as follows:

"If any person aggrieved by any act of the county court shall, from any cause without fault on his part, have omitted to take his appeal according to law the county court of the same county may, if it shall appear that justice requires a revision of the case, on the petition of the party aggrieved and upon such terms and within such time as it shall deem reasonable, allow an appeal to be taken and prosecuted in like manner and with the same effect as though done seasonably; or the county court may in its discretion reopen the case and grant a retrial of the matter complained of. No such appeal or retrial shall be allowed without reasonable notice to the

party adversely interested, nor unless the petition therefor shall be filed in the office of the clerk of the county court within one year after the act complained of. Whenever the county court shall allow or disallow an appeal, or retrial, as provided in this section, the party aggrieved may appeal therefrom."

Since that time the section has been so amended as to require that an order granting a new trial must be made within one year after the act complained of. This amendment was by sec. 86, ch. 190, Laws of 1933, and has no materiality here. This disposes of respondents' contention that the court had no power under sec. 324.05 to reopen the decree and grant a new trial. However, sec. 324.05 makes the granting of a new trial discretionary. In *Estate of Bailey,* 205 Wis. 648, 238 N. W. 845, 849, it was held, following *Campbell v. Thatcher,* 54 Barb. 386, and *Archer v. Meadows,* 33 Wis. 166, that "where parties in interest have been represented at the hearing, and final sentence or decree has been given, such court has no general power of opening or reversing its decree, on the ground that it erred as to the law, or decided erroneously upon the facts." It is evident that a petitioner under sec. 324.05 cannot ask for a new trial on the ground of error, and, upon a denial of his petition, sustain his right to a new trial merely by demonstrating that there was error in the proceedings. In the *Bailey Case, supra,* this court approved the reopening of an order for distribution upon petition of an infant heir, because information of her existence was withheld from the court by the administrator at the time of distribution. Had the infant been represented and the issues fully tried and erroneously disposed of, it could not be contended that that alone would give a ground for a new trial. There must be present some factor apart from the merits to warrant such a course.

In this case it appears that the final account of petitioner charged himself with the property involved at the value set

by the appraisal. There was a hearing, during the course of which the administrator at no time contended that the appraised value was greater than it should be. After certain matters of dispute between these contestants and the administrator were adjusted, the final decree was prepared by the attorney for petitioner, and was entered, to all intents and purposes, by consent. In the face of a prompt demand for cash payment by the two contestants, nearly a year was allowed to elapse before petitioner sought a revision of the final decree. There was no fraud practiced upon the court in obtaining the final decree, or upon petitioner in securing his consent to it. No doubt this was because of a hope entertained by the administrator that the heirs would be satisfied if shares of stock in a corporation organized to administer the affairs of the two companies constituting the assets were assigned to them in payment of their shares. There is no showing, however, that the contestants in any way induced such a hope on the part of the administrator, or imposed upon him in such a fashion as to create equities in his favor or lull him into security. There is no attempt to account for petitioner's delay in seeking relief. The circumstances and factors that affected the value of the assets certainly must be held to have been known by the administrator at the time of the hearing, since they were then notorious enough to fall within the scope of judicial notice.

We see no ground upon which petitioner's delay can be excused, nor do we see how it can be said that the trial court, having entered a final decree under the foregoing circumstances, could be said to have abused its discretion in refusing to reopen the matter. If there was error in the decree, it was induced by petitioner.

*By the Court.*—Order affirmed.