Estate of Blahnik: J. R. Watkins Company, Appellant, vs. Blahnik, Administratrix, Respondent.

*March 8— April 11, 1939.*

102

For the appellant there was a brief by *Walter Melchior,* attorney, and *Stanley A. Staidl* of counsel, both of Appleton, and oral argument by *Mr. Melchior* and *Mr. Staidl.*

For the respondent there was a brief by *L. Albert Karel,* attorney, *A. G. Murphy,* guardian *ad litem,* and *L. W. Bruemmer* of counsel, all of Kewaunee, and oral argument by *Mr. Bruemmer* and *Mr. Murphy.*

WICKHEM, J.   So far as this case involves an appeal from a judgment of the county court it is evident that this court is without jurisdiction to review the merits of the appeal.   The sixty days limited by statute had fully expired prior to appeal and appellate jurisdiction cannot be conferred upon this court by stipulation or failure to object to the timeliness of the appeal.   *Estate of Fish,* 200 Wis. 61, 227 N. W. 272; *Stevens v. Jacobs,* 226 Wis. 198, 275 N. W. 555, 276 N. W. 638.   The question, then, is whether the trial court erroneously denied plaintiff the relief asked for under the provisions of sec. 324.05, Stats., which provides:

"If any person aggrieved by any act of the county court shall, from any cause without fault on his part, omit to take his appeal within the time allowed, the court may, upon his petition and notice to the adverse party, and upon such terms and within such time as it shall deem reasonable, but not later than one year after the act complained of, allow an appeal, if justice appears to require it, with the same effect as though done seasonably; or the court may reopen the case and grant a retrial, but the order therefor must be made within one year after the act complained of."

This court has consistently held that an order under this section is discretionary in character and reviewable only for an abuse of discretion.   *Estate of Hilgermann,* 208 Wis. 520, 243 N. W. 753; *Colla v. Racine,* 194 Wis. 501, 217

N. W. 297; *Mellor v. Heggaton*, 205 Wis. 42, 236 N. W. 558; *Estate of Meek*, 199 Wis. 602, 227 N. W. 270. The question, therefore, is whether the trial court erred as a matter of law in concluding that claimant showed no adequate reason for failing to appeal within sixty days.

It is our conclusion that so far as the decision goes, it cannot be disturbed. We discover nothing in the record indicating that plaintiff as a matter of law was without fault in failing to take an appeal to this court during the sixty-day period. There is no showing of excuse in the petition or in the record. Such a showing was essential under the doctrine of *Estate of Walczak*, 216 Wis. 465, 257 N. W. 589. This being true, we discover no abuse of discretion in refusing to extend the time for plaintiff to appeal.

This does not dispose of the appeal, however. There was also a motion to reopen the case and to grant a new trial. While this motion was denied, it is apparent from the trial court's decision that it did not address itself to the question of diligence in seeking a new trial and did not exercise its discretion at all in this respect. The sole grounds for denying relief in both respects was that there was no diligence in taking an appeal. This does not as a matter of law dispose of the motion for a new trial or rehearing. What might constitute a want of diligence in taking an appeal within sixty days might conceivably not constitute a want of diligence in moving for a new trial. The statute indicates that the extreme limit of delay is something less than one year after the act by which the moving party is aggrieved. Up to that limit the court may, in its discretion, grant or deny relief on the basis of the movant's showing as to diligence.

The only question in this case is whether there is in the record any showing of diligence upon which the discretion of the court could operate. After careful consideration we have decided that this question must receive an affirmative answer. It will be recalled that on May 26th the trial court,

which had acted as intermediary between the parties, notified plaintiff that it was entering as of that date a judgment for $125 in plaintiff's favor upon the claim. On June 3, 1938, plaintiff wrote the judge and called attention to the typographical error. This was followed on June 6th by a letter from the trial court merely noting that judgment had been entered on the claim in the sum of $125. On the same date the trial court wrote directing defendant's attention to the letter of the plaintiff claiming a mistake, and on June 10th, the county court sent a check for $125 in full settlement of the claim. On June 14th, plaintiff returned the check with a transmitting letter. On June 17th, the county court returned the check to the attorney for defendant with the transmitting letter. The petition for new trial was on September 10th. The only excuse alleged in the petition for not moving more promptly was the fact that the plaintiff was a foreign corporation, and that the failure to appeal was not based on any cause within the control of the plaintiff. We consider that upon these facts the trial court could exercise a discretion to reopen the case. The period of delay was not great, and there is no showing that any of the parties had changed their position in such a way as to make relief inequitable. The plaintiff immediately directed the alleged mistake to the attention of the court, and the court and defendant knew almost immediately of the claim of error. The case is also peculiar in that the trial court acted as intermediary and entered the judgment in accordance with the assumed agreement without any contest. While we do not deem these factors conclusive, they appear to us to constitute the facts upon which a court could in its discretion reopen the case, and since the court did not address itself to this question or exercise its discretion, we conclude that the order must be reversed in so far as it denies the motion for a rehearing or new trial and the cause remanded with directions to separately consider and pass upon plaintiff's motion in this respect.

*By the Court.*—The appeal from the judgment is dismissed. The order appealed from is affirmed in so far as it denies plaintiff an extension of time to appeal to this court from the judgment; it is reversed in so far as it denies plaintiff a new trial. The cause is remanded with directions for further proceedings in accordance with this opinion. Neither party to have costs upon this appeal. Appellant to pay clerk's fees.