Estate of Stephens: O'Brien, Appellant, vs. National Surety Corporation and others, Respondents.

*January 17—February 13, 1945.*

*J. E. O'Brien* of Fond du Lac, *in pro. per.,* for the appellant.

For the respondents Mary Sales and Bessie Sales Heidelberg there was a brief by *Foster, McLeod & Foster,* attorneys, and *Kenneth McLeod* of counsel, all of Fond du Lac, and oral argument by *Kenneth McLeod.*

A brief was also filed by *Treis & Corrigan,* attorneys for the National Surety Corporation and John J. Schneider, and *John S. Barry* of counsel, all of Milwaukee.

FRITZ, J.    Under sec. 324.04 (1), Stats., the time allowed for taking an appeal to this court from a county court order or judgment is sixty days from the date of entry thereof.    Consequently, as the final judgment was entered on July 9, 1943, the sixty days' period allowed for appealing therefrom expired September 7, 1943, and there could be no appeal therefrom unless within one year from July 9, 1943, the time for taking an appeal was extended by a county court order under the provision in sec. 324.05, Stats., that,—

"If any person aggrieved by any act of the county court shall, from any cause without fault on his part, omit to take his appeal within the time allowed, the court may, upon his

petition . . . but not later than one year after the act complained of, allow an appeal, if justice appears to require it. . . ."

.The court's denial of O'Brien's petition of June 23, 1944, for an extension of the permissible time to appeal from the final judgment was based upon the grounds (1) that he failed to show, as is necessary under the above-quoted provision in sec. 324.05, Stats., that his omission to appeal within the sixty days allowed therefor under sec. 324.04 (1), Stats., was "without fault on his part;" and (2) that he was not a "person aggrieved" by the final judgment and therefore was not authorized under sec. 324.01 (2), Stats., to take an appeal therefrom.

The court's conclusions must be sustained. In the petition for an extension of the time to appeal no facts are alleged and likewise on the hearing there was no evidence as to any facts that can be deemed to show that O'Brien was without fault in omitting to appeal within the sixty days. Moreover, in the final judgment there is no adjudication by which O'Brien is aggrieved in some appreciable manner so that he can be considered to be a person "aggrieved" thereby within the meaning of that term, as used in secs. 324.05 and 274.10, Stats. As the court said in *Larson v. Oisefos,* 118 Wis. 368, 370, 95 N. W. 399,—

"It by no means follows that every party to a judgment has a right to appeal therefrom merely because it is wrong. The right of appeal is confined to parties aggrieved in some appreciable manner by the decision involved. When a person not so aggrieved appeals, he is deemed not to be within the provisions of the appeal statutes."

Although in provisions by which it is adjudged that the residue of the estate consists of a "claim against J. E. O'Brien in the sum of $845.42," and that this claim is assigned to Mary Sales and Bessie Sales Heidelberg, and the deceased administratrix is indebted to the estate in the sum of $3,130.50, which

consisted in part of the "claim against J. E. O'Brien for overpayment of moneys in the sum of $845.42," the two statements (last quoted) are used to describe and identify the particular claim, adjudged to be part of the residue of the estate and assigned to the named residuary heirs, and for which the deceased administratrix is adjudged to be indebted to the estate, there is in neither of those quoted statements nor elsewhere in the judgment any language that can be considered to adjudicate, in so far as O'Brien is concerned, that there is any valid and binding obligation on his part for the claim which is thus described. As there is in the judgment no provision adjudging that he is legally liable for the claim, or ordering the payment thereof by O'Brien, he is not aggrieved by the judgment in such appreciable manner as is necessary to entitle him to appeal therefrom.

*By the Court.*—Order affirmed.