Estate of Doherty: Heath, Claimant, Appellant, vs. La Crosse Trust Company, Administrator, Respondent.

*October 14—November 18, 1947.*

For the appellant there was a brief by *F. E. Withrow,* and oral argument by *Mr. Withrow* and *Mr. Razy Kletecka Chojnacki,* both of La Crosse.

For the respondent there was a brief by *Lees & Bunge,* and oral argument by *George M. Snodgrass,* all of La Crosse.

WICKHEM, J.   The question upon this appeal is whether claimant made a sufficient showing to bring him as a matter of law within the provisions of sec. 324.05, Stats., which reads as follows :

"If any person aggrieved by any act of the county court shall, from any cause without fault on his part, omit to take his appeal within the time allowed, the court may, upon his petition and notice to the adverse party, and upon such terms and within such time as it shall deem reasonable, but not later than one year after the act complained of, allow an appeal, if justice appears to require it, with the same effect as though done seasonably ; or the court may reopen the case and grant a retrial, but the order therefor must be made within one year after the act complained of."

Unless entitled to relief under the foregoing section the matter is governed by sec. 324.04 (1), Stats., limiting appeals to this court from orders of the county court to sixty days from the date of the entry thereof.

Claimant asserts the facts to be as follows : Upon denial of his claim, claimant immediately instructed his attorney to appeal to this court or to apply for a rehearing but because of the illness of the attorney and his engagements in other court matters the latter omitted to take the appeal within sixty days or to apply for a rehearing.   In addition to affidavits by claimant, his attorney and the attorney's wife, there were filed certificates by a doctor to the effect that counsel's wife, who apparently assisted him as secretary, was incapacitated from doing any work during the sixty-day period, that counsel had been ill and receiving medical care since the date of the order in September, 1946, and since November of the same year counsel had been able to take care of only a small part of his practice.   In its decision the trial court states that it knows of

its own knowledge that during the sixty days following the denial of the claim counsel was in court frequently on legal matters and that during all this time he had a full-time attorney associated with him who was perfectly capable of taking care of this case.

The trial court considered that no excuse had been presented for failing to take an appeal or to move for a rehearing within sixty days. We are of the view that the determination of the trial court cannot be disturbed. Relief under sec. 324.05, Stats., rests in the discretion of the trial court. Little needs to be added to the trial court's own statement in order to demonstrate that there was no abuse of discretion. The medical certificates do not indicate total incapacity of counsel. The trial court certifies to the fact of counsel's frequent attendance in county court on various legal matters, and it is a verity that another lawyer was associated with counsel in his office. The process of taking an appeal or petitioning for a rehearing is neither complicated, difficult, nor time-consuming. It is evident that the trial court had reasonable grounds to believe that no adequate excuse was shown for failing to take timely steps in one or the other of these directions. It follows that there was no abuse of discretion and that the order refusing to grant a retrial or to allow an appeal must be affirmed.

*By the Court.*—Order affirmed.