In proceedings on January 20, 1948, pursuant to a petition of Marshall E. Gross and W. T. Gross for the appointment a general guardian for Leola Belle Anderson, as a mental incompetent, Judge L. L. DARLING found and adjudged that she was mentally incompetent and appointed G. E. Ward as guardian of her person and estate, although she was not in court nor represented by a guardian ad litem. Upon an application to vacate the appointment on those grounds, Messrs. Schultz Slechta represented the alleged incompetent as her attorneys and Judge DARLING on April 2, 1948, vacated the order adjudging her incompetent and appointed William Brandel as her guardian ad litem. He accepted the appointment on April 5, 1948. Judge DARLING appointed Judge to preside in subsequent proceedings in the matter and on a hearing on July 8, 1948, the original petitioners, Marshall E. Gross and W. T. Gross, were represented by Messrs. Rogers Vance as their attorneys; and the alleged incompetent was in court and represented by Messrs. Schultz *Page 521 Slechta as her attorneys and by Wm. Brandel, her guardianad litem. On that date Judge LAMBOLEY then (1) found that the alleged incompetent was incapable of taking care of herself and mentally incompetent to have the charge and management her property; and (2) ordered the appointment of G. E. Ward as guardian of her person and estate. On August 10, 1948, Messrs. Schultz Slechta signed a stipulation consenting to the substitution of Messrs. Zimmers, Randall 
Zimmers as attorneys for the incompetent, but they did not have the order for their substitution signed by Judge until September 4, 1948. On September 7, 1948, Wm. Brandel resigned as guardian ad litem; and on September 9, 1948, Judge LAMBOLEY appointed Robert G. Wilke as such guardian and he accepted the appointment on that date,
On September 9, 1948, Robert G. Wilke, as guardian adlitem, and Messrs. Zimmers, Randall Zimmers, as attorneys for the alleged incompetent, obtained an order signed by Judge requiring G. E. Ward as guardian, and Marshall E. Gross, W. T. Gross, and Jennie Gross, as interested persons, to show cause on September 15, 1948, why there should not be extended the time to appeal to the supreme court from said order of July 8, 1948. As basis for said order to show cause there was an affidavit of the guardian ad litem, Robert G. Wilke, stating that the time to appeal had expired before he was appointed and that the interests of the incompetent could only be protected by appeal; and there was also an affidavit by B.B.F. Randolph stating, —
. . . that he was associated with said firm of Zimmers, Randolph Zimmers, and that after the substitution of said firm as attorneys for the incompetent, he examined the records and proceedings in said matter and the transcript of testimony taken in support of said order of July 8, 1948, and after such examination it was determined that the interests of the alleged incompetent could only be protected by an appeal from the order to the supreme court; that more than sixty days had elapsed since the entry of said order on July 8, 1948, and that *Page 522 
no appeal had been taken therefrom because the date of the substitution of attorneys for said incompetent did not give sufficient time for an examination of said matter.
And in a subsequent affidavit Randolph stated, —
. . . that after said substitution of said firm of attorneys under an order dated August 10, 1948, they consulted with Messrs. Schultz Slechta and also Wm. Brandel as the guardian ad litem and requested by telephone and correspondence to have him pursue his duties as guardian ad litem, but nothing was heard from him or done until Randolph, on telephoning Brandel September 7th, was informed by him that he would be unable to pursue his duties and would and did resign as guardian ad litem on said date; and on September 9, 1948, Judge LAMBOLEY ordered said appointment of Wilke as guardian ad litem; that on September 7, 1948, Randolph telephoned and requested attorney Sheldon G. Vance, G. E. Ward as the guardian and also the petitioners who applied for the appointment of a guardian, to stipulate for the extension of the time in which to appeal, but that Vance refused to so stipulate.
Upon a hearing pursuant to said order to show cause, and testimony then taken, Judge LAMBOLEY stated in his written decision, —
"This court had an excellent opportunity to study and observe the mental condition of Leola Belle Anderson at the time of the hearing in the city of Jefferson on July 8, 1948, and at that time, it will be remembered, the said incompetent was completely lost and was very definitely mentally confused. It was clear that she was suffering so badly from senility that she was not sure or had no knowledge of her property and her background. She was sure that she had never married.
"That is the picture that was presented to the court at that time, and it is the only picture that can be considered, since there is nothing to show that the condition of the incompetent at that date was merely a temporary thing and does not now exist.
"Such being the case, it is evident that she could not be capable of determining for herself whether the merits in this case warranted an appeal. Thus, it can be presumed that the idea *Page 523 
of an appeal has originated only in the minds of her relatives, Mr. and Mrs. Ilo F. Gross, since they are the ones who were so interested in defeating the appointment of the guardian and the parties to whom Mrs. Anderson has transferred large sums of her money without any apparent consideration. In fact they are the people who persist in retaining the property of the incompetent even after they were instructed by this court to deliver it to the guardian as soon as arrangements could be made to do so.
"From the record it is apparent that the original guardianad litem, Wm. J. Brandel, did not feel that the matter was worth an appeal. It is perfectly proper for those interested in Mrs. Anderson to seek to persuade the guardian ad litem to change his mind in this regard and to even encourage him to resign so that another attorney might weigh the possibility of an appeal as said guardian ad litem . . . . It seems that the parties who were interested in such steps had ample time to secure the substitution of a guardian ad litem since there was apparently no resistance on the part of Mr. Brandel when such a plan was finally called to his attention. Counsel's claim that they were attempting to, arrange a meeting with Mr. Brandel to that end is not convincing since there was a lack of interest shown in that direction when it was apparent that Mr. Brandel was not too interested in the proposed meeting and in view of the fact that the time for perfecting an appeal was running out.
"It is the determination of the court that the parties interested in this motion, even though it can be said that they are acting for the best interests of the incompetent, are not `without fault on their part' as pointed out above. The petition for extension of time to appeal is therefore denied."
From the order entered in accordance with that determination, Wilke, as the guardian ad litem, and the alleged incompetent appeal.
The extension of the sixty-day period which is allowed under sec. 324.04 (1), Stats., for taking an appeal from an order of the county court is sought by appellants under sec. 324.05, Stats., which provides:
"If any person aggrieved by any act of the county court shall, from any cause without fault on his part, omit to take his appeal within the time allowed, the court may, upon his petition . . . but not later than one year after the act complained of, allow an appeal, if justice appears to require it. . . ."
As we stated in Estate of Doherty, 251 Wis. 421, 423,29 N.W.2d 767, —
"Relief under sec. 324.05, Stats., rests in the discretion of the trial court. Little needs to be added to the trial court's own statement in order to demonstrate that there was no abuse of discretion."
That there was no abuse of discretion on the part of the trial court in the case at bar is evident in view of the various matters stated in Judge LAMBOLEY'S decision, including the apparent mentally incompetent condition of Mrs. Anderson and the transfer of large sums of her money to her relatives, Mr. and Mrs. Gross, who were interested in defeating the appointment of a guardian, — all of which warranted the court in considering it important that a guardian be promptly appointed, and that if there was to be an appeal from the order to that effect, such appeal should have been taken promptly within the sixty-day period allowed under sec. 324.04 (1), Stats., for the taking of such an appeal.
Upon the original attorneys for the incompetent signing the stipulation dated August 10, 1948, for the substitution of Zimmers, Randolph Zimmers as attorneys for the incompetent they knew that under sec. 324.04 (1), Stats., the time for taking an appeal from an order of the county court to the supreme court was limited to the period of sixty days from the date of the entry of the order of July 8, 1948; and they knew that no appeal was being taken by Wm. Brandel, as the guardian *Page 525 ad litem. Nevertheless, they made no effective move to promptly obtain or compel the resignation as guardian ad litem
which Brandel signed on September 7, 1948. And since there was apparently (as Judge LAMBOLEY stated) no resistance on Brandel's part when such a plan was finally called to his attention, it evidently would have been a simple matter to obtain his resignation and the appointment of a new guardian ad litem
within ample time to serve a notice of appeal within the prescribed sixty-day period.
Consequently, in view of the trial court's determination that the parties interested in the motion for the extension of the time within which to appeal, were not without fault on their part in omitting to take an appeal seasonably, the order denying that motion must be sustained. Estate of Stephens,246 Wis. 471, 17 N.W.2d 574; Estate of Blahnik,231 Wis. 101, 285 N.W. 421; Belmont State Bank v. Estate of Speth,190 Wis. 130, 208 N.W. 945.
By the Court. — Order affirmed.