In re Guardianship of Anderson : Anderson and another, Appellants, vs. Gross and others, Respondents.

*March 10—April 12, 1949.*

522

For the appellants there was a brief by *Robert G. Wilke,* guardian *ad litem,* and *Zimmers, Randall & Zimmers,* and *Bruce B. F. Randolph,* all of Milwaukee, and oral argument by *Mr. Wilke.*

For the respondents there was a brief by *Rogers & Vance* of Fort Atkinson, and oral argument by *Sheldon Vance.*

FRITZ, J. The extension of the sixty-day period which is allowed under sec. 324.04 (1), Stats., for taking an appeal from an order of the county court is sought by appellants under sec. 324.05, Stats., which provides:

"If any person aggrieved by any act of the county court shall, from any cause without fault on his part, omit to take his appeal within the time allowed, the court may, upon his petition . . . but not later than one year after the act complained of, allow an appeal, if justice appears to require it. . . ."

As we stated in *Estate of Doherty,* 251 Wis. 421, 423, 29 N. W. (2d) 767,—

"Relief under sec. 324.05, Stats., rests in the discretion of the trial court. Little needs to be added to the trial court's own statement in order to demonstrate that there was no abuse of discretion."

That there was no abuse of discretion on the part of the trial court in the case at bar is evident in view of the various matters stated in Judge LAMBOLEY's decision, including the apparent mentally incompetent condition of Mrs. Anderson and the transfer of large sums of her money to her relatives, Mr. and Mrs. Gross, who were interested in defeating the appointment of a guardian,—all of which warranted the court in considering it important that a guardian be promptly appointed, and that if there was to be an appeal from the order to that effect, such appeal should have been taken promptly within the sixty-day period allowed under sec. 324.04 (1), Stats., for the taking of such an appeal.

Upon the original attorneys for the incompetent signing the stipulation dated August 10, 1948, for the substitution of Zimmers, Randolph & Zimmers as attorneys for the incompetent they knew that under sec. 324.04 (1), Stats., the time for taking an appeal from an order of the county court to the supreme court was limited to the period of sixty days from the date of the entry of the order of July 8, 1948; and they knew that no appeal was being taken by Wm. Brandel, as the guard-

ian *ad litem*. Nevertheless, they made no effective move to promptly obtain or compel the resignation as guardian *ad litem* which Brandel signed on September 7, 1948. And since there was apparently (as Judge LAMBOLEY stated) no resistance on Brandel's part when such a plan was finally called to his attention, it evidently would have been a simple matter to obtain his resignation and the appointment of a new guardian *ad litem* within ample time to serve a notice of appeal within the prescribed sixty-day period.

Consequently, in view of the trial court's determination that the parties interested in the motion for the extension of the time within which to appeal, were not without fault on their part in omitting to take an appeal seasonably, the order denying that motion must be sustained. *Estate of Stephens,* 246 Wis. 471, 17 N. W. (2d) 574; *Estate of Blahnik,* 231 Wis. 101, 285 N. W. 421; *Belmont State Bank v. Estate of Speth,* 190 Wis. 130, 208 N. W. 945.

*By the Court.*—Order affirmed.