Estate of Eannelli (Anna): Venci, Administratrix, Appellant, vs. Estate of Eannelli (Massemino) and others, Respondents.*

*February 4—March 2, 1954.*

* For disposition on motion for rehearing, see post, p. 262a.

For the appellant there was a brief and oral argument by *Vaughn S. Conway* of Baraboo.

For the respondents there were briefs by *Chester J. Niebler* of Milwaukee, and oral argument by *Mr. Niebler* and by *Mr. M. J. Paul* of Berlin.

STEINLE, J. Four members of the Eannelli family, all residents of Red Granite in Waushara county, were killed on June 12, 1951, when an automobile in which they were riding collided with a train in northern Indiana. They were Massemino Eannelli, his wife, Anna C. Eannelli, and their only children, Anthony and George Eannelli.

Proceedings for the administration of the estates of Massemino and Anna C. Eannelli were commenced in the county court of Waushara county. A decision of the county court dated April 24, 1953, and judgment dated May 1, 1953, were filed in each of the estates. Appellant failed to appeal from said judgment within the time provided by statute. She

petitioned the court for an order extending the time to appeal, or in the alternative for a new trial.

The motion of the administratrix, Angeline Venci, dated July 25, 1953, was based on her petition and supporting affidavits of others. One reason claimed as an excuse for her delay was her very serious illness. The other reason claimed for an excuse for the delay was that she had retained Attorney Vaughn S. Conway to take the appeal; that on June 23, 1953, Attorney Conway retained the law firm of Brazeau & Brazeau to act as counsel on the appeal; that on June 26, 1953, she paid to Attorney T. W. Brazeau of that firm $1,500, $500 to apply on fees, and $1,000 to apply on expenses of the appeal; but that through a misunderstanding between said attorneys no notice of appeal was filed in time because each depended on the other to take the appeal. Substantiating facts as to these claims were alleged in the petition and affidavits of the administratrix. Counteraffidavits were filed by respondents controverting material allegations of the facts alleged in the petition and affidavits of the appellant, and supplied additional facts. A hearing was held on August 7, 1953, in said county court at which time the affidavits were filed and testimony was taken. However, no bill of exceptions was filed herein.

It appears from the record before us, that clear issues of fact were presented to the court for its determination. The learned trial judge rendered a written decision on August 29, 1953, wherein he set forth the reasons for his denial of the petition.

Said written decision is as follows:

"Decision of Trial Court.

"Angeline Venci, administratrix of the estate of Anna C. Eannelli, has petitioned the court for an order extending the time within which to appeal from a judgment entered on May 1st, or in the alternative, for a new trial. The statutory

period for taking an appeal has expired. It is incumbent on the petitioner to show that in her representative capacity she is aggrieved by the judgment—that her failure to take an appeal within sixty days was not due to her fault or neglect, and that justice requires a new trial or a review of the judgment by the appellate court.

"Her petition does not indicate that upon a new trial she will be able to present any evidence that was not received and considered upon the trial. It also fails to allege that any error was committed by the trial judge. The record does show that after the time for appeal had expired, Paul Eannelli as administrator of the estate of Massemino Eannelli, has paid income taxes and other claims, which would in part at least be chargeable to the estate of Anna C. Eannelli if the petitioner's claim to a half share of the assets and earnings of the 'Granite Lumber Company' had been sustained. Therefore the court is of the opinion that the petitioner has failed to allege any facts on which it can be held that justice requires either a new trial or a review of the court's decision and judgment.

"One of the findings on which the judgment was entered is that 'with or without the consent of Anna' her husband Massemino converted her half share of a stock of lumber and building material to his own use, and that an accounting between the two estates was not ordered. The petitioner has never, by her inventory or otherwise, indicated that she made any claim for such an accounting. The conversion may have been made with the consent of Anna, in which case her estate would not have any claim, but if there was a cause of action in favor of her estate, recovery has now become barred by the statute of limitations. The conversion occurred in February, 1946, and the six years would have expired in February, 1952, except for the fact that Mrs. Venci had one year from the date of her appointment, or until July 17, 1952, within which to begin an action or proceeding for collection.

"Her second alleged grievance is that the court determined that Anthony Eannelli, and not the brothers and sisters of Anna, was her sole heir. I do not consider that Angeline Venci, as administratrix, should concern herself with the rival claims of those who profess to be heirs. For these rea-

sons the court holds that there has been no showing that the administratrix is or can be aggrieved by the judgment rendered herein on May 1st.

"Mrs. Venci seeks to be excused for her delay because of a severe illness, which according to the affidavit of Dr. Garren, rendered her incapable of transacting business matters from April 6th to some date in June. The file contains an inventory, prepared and signed and sworn to by the petitioner on May 7th, and a ten-thousand-dollar bond signed by her on May 28th. Therefore I cannot consider that Mrs. Venci's disability could have continued beyond May 7th.

"As another excuse she claims that there was a misunderstanding between Vaughn S. Conway and T. W. Brazeau as to who should file a notice of appeal, but it does not appear that she requested or directed either of them to file the notice. Her attorney is and has been Wm. N. Belter of Wautoma. He informs the court that Mrs. Venci has not communicated with him in any manner since February 7th, 1953. Mr. Conway and Mr. Belter were in county court on July 9th representing Mrs. Venci in an order to show cause. At that time Mr. Niebler, attorney for the administrator of the estate of Anthony Eannelli, stated that the time for an appeal from the judgment of May 1st had expired and Mr. Conway responded 'That's what you think. As a matter of fact we have sixty days from May 22d, the date on which we received notice of entry of judgment' or words to that effect. I therefore doubt that the delay was due to any misunderstanding as to who would file the notice, but strongly suspect that it was due to a disregard of the provisions of sec. 324.04. Had Mrs. Venci consulted her attorney, Mr. Belter, she would have been told that the time for appeal expired on July 1st. In view of her apparent indifference and her failure to make any attempt to inform herself as to the law governing appeals from county court, I cannot find that she is without fault.

"The petition of Angeline Venci for an extension of time within which to appeal, and her alternative motion for a new trial, are therefore denied.

"Dated August 29th, 1953.  By the Court:
"Gad Jones
"County Judge"

It is apparent that the trial court considered and disposed of both the appellant's application to extend the time for appeal and that for the granting of a new trial.

Sec. 324.04 (1), Stats., limited the time for appeal herein to sixty days from the date of entry of judgment.

Sec. 324.05, Stats., provides that:

"If any person aggrieved by any act of the county court shall, from any cause without fault on his part, omit to take his appeal within the time allowed, the court may, upon his petition and notice to the adverse party, and upon such terms and within such time as it shall deem reasonable, but not later than one year after the act complained of, allow an appeal, if justice appears to require it, with the same effect as though done seasonably; or the court may reopen the case and grant a retrial, but the order therefor must be made within one year after the act complained of."

This court has consistently held that an order under sec. 324.05, Stats., is discretionary in character and reviewable only for an abuse of discretion. *Estate of Blahnik* (1939), 231 Wis. 101, 285 N. W. 421; *Estate of Doherty* (1947), 251 Wis. 421, 29 N. W. (2d) 767.

Here there was sharp conflict as to the material facts adduced to the court. After a careful review of the record it is considered that there was ample evidence to sustain the findings and conclusions of the court. The weight that shall be given to relevant and competent evidence is for the trier of fact. The question of the credibility of the witnesses was for the trial court in this case.

Counsel for appellant also urges that the trial court was clearly in error as a matter of law, in its expressed opinion that the administratrix was not a party aggrieved by the judgment of May 1, 1953. It does not appear that such consideration was essential to the court's findings, to wit, that the administratrix was not without fault or that justice re-

quired an extension of time within which to appeal or afford a new trial. We cannot agree that such error materially influenced the court in its determination of the matter presently before us.

Appellant also maintains that the trial court erred in inferring that prejudice necessarily resulted from the payment of claims by the husband's estate after the expiration of time for appeal. That item pertains only to the court's consideration of granting of a new trial. The court specifically found that the petition of the administratrix in nowise indicated that upon a new trial she would be able to present any evidence that was not received and considered upon the trial. Obviously the trial court did not include the matter in its determination of the motion to extend the time wherein to appeal.

It does not appear that there was an abuse of discretion on the part of the trial court in ordering a denial of the application to extend the time wherein to appeal.

*By the Court.*—Order affirmed.

The following memorandum was filed May 4, 1954:

PER CURIAM (*on motion for rehearing*). Additional material matters having been brought to our attention by the respective parties since the entry of our mandate affirming the order of the trial court, and after hearing the statements and the arguments of counsel on both sides, it is ordered that in the interest of justice the original mandate be vacated, and that there be substituted therefor the following: Order reversed and cause remanded with direction to grant appellant a reasonable time to perfect the appeal and settle the bill of exceptions.