Estate of Shaver: Witte, Objector, Appellant, vs. Bruss, Proponent, Respondent.

*April 6—May 4, 1954.*

For the appellant there were briefs and oral argument by *Paul E. Bornemann* of Milwaukee.

For the respondent there was a brief and oral argument by *Albert C. Wolfe* of La Crosse.

STEINLE, J.   The sole question here is whether there was an abuse of discretion on the part of the trial court in its denial of the petition to extend the time for appeal.

Sec. 324.04 (1), Stats., limits the time for appeal from an order or judgment of the county court to sixty days from date of entry, excepting as provided in sec. 324.05. Sec. 324.05 provides:

"If any person aggrieved by any act of the county court shall, from any cause without fault on his part, omit to take his appeal within the time allowed, the court may, upon his petition and notice to the adverse party, and upon such

terms and within such time as it shall deem reasonable, but not later than one year after the act complained of, allow an appeal, if justice appears to require it, with the same effect as though done seasonably; or the court may reopen the case and grant a retrial, but the order therefor must be made within one year after the act complained of."

Here, the appellant did not apply for a reopening or retrial of the case.

Appellant, Viola L. Witte, in her affidavit which was before the court at the hearing on August 25, 1953, declared that she had not been apprised of the limit of time within which she could appeal; that when made aware of such restriction she was unable within the time left to arrange for the financing of an appeal and that she remained unsuccessful in such effort until after the time had expired.

Also before the court at said hearing was the affidavit of Paul E. Bornemann, attorney for Viola L. Witte, to the effect that no written order or findings or judgment was entered on April 15, 1953, after the court announced its decision in the matter of the will contest; that although he attempted to obtain a copy of the findings and order he was unable to secure them; that he obtained a copy by mail about May 15, 1953; that thereafter he communicated with his client, Viola L. Witte, and advised her as to the costs of an appeal and was informed by her, "that it would take her some time to raise the money to effect the appeal;" that he asked that the necessary amount of money be in his office before he would proceed; that when she had raised the money, more than thirty days had elapsed after the time for appeal had expired.

Adella C. Bruss, the respondent, in her counteraffidavit which was before the court at the hearing, referred to the presence of the appellant and her counsel in court on April 15, 1953, when the court announced its decision; that financial inability is not adequate cause for failure to effect an

appeal on time; that justice demands that there be no further delay in the administration of this estate; that appellant made no showing of reasonable probability that the trial court's findings and decree admitting the will to probate would be disturbed on appeal.

We cannot declare that facts such as presented by appellant in her application addressed to the court below and detailed herein, even though established by the required quantum of proof, would entitle her as a matter of law to the consideration that she seeks. The trial court apparently was of the view that her excuse was not adequate or that she was not without fault in causing the delay. Such matters were for the court's discretion as was also the credibility of the parties.

It does not appear that the trial court acted arbitrarily or wilfully and without regard as to what was right or equitable under the circumstances and the law, or that he was directed by any consideration other than reason and conscience to a just result.

This court has consistently held that an order under sec. 324.05, Stats., is discretionary in character and reversible only for an abuse of discretion. *Estate of Hilgermann* (1932), 208 Wis. 520, 243 N. W. 753; *Estate of Blahnik* (1939), 231 Wis. 101, 285 N. W. 421.

In the absence of a clear case of an abuse of discretion, the order of the county court in proceedings of this character must be allowed to stand. It was for the trial court to determine whether the appellant was without fault and that justice appeared to require the granting of the petition. It was the court's duty to determine the facts and exercise his discretion. There is competent proof in the record to sustain the court's determination. We are obliged to hold that the trial court did not abuse its discretion in denying the application of the appellant.

*By the Court.*—Order affirmed.