ESTATE OF LEHMANN: BEHRENS and another, Appellants, vs. MAERZKE and others, Respondents.

*January 17—February 12, 1924.*

*Executors and administrators: Claims against estates: Judgment on claims: Retrial within year: Order directing payment: Liability of executor: When fixed.*

1. Sec. 4035, Stats., providing that a petition for a retrial in the county court "shall be filed . . . within one year after the act complained of," does not require that the petition be acted upon and determined within such year.   p. 23.
2. That one of several petitioners for a retrial of a proceeding involving claims against an estate had notice of the order of allowance did not affect the right of the other petitioners to proceed, as against the objection that the limitation period prescribed by sec. 2832, Stats., had run.   p. 24.
3. 'It is only upon an order to pay claims under the procedure provided by secs. 3852–3856, Stats., that the individual liability of the executor or administrator and his bondsmen is fixed and determined. An order, therefore, allowing claims made under sec. 3842, while it is a judgment as to the amount and validity thereof, is not sufficient authority to the executor to pay the same.   p. 25.

APPEAL from an order of the county court of Dodge county: E. H. NABER, Judge. *Affirmed.*

May 6, 1921, Eliza Lehmann died testate leaving an estate of about $60,000. June 14, 1921, two sisters of said deceased, *Caroline Behrens* and *Margaret Wuetherich,* each filed claims against said estate for services as housekeeper to the deceased, the latter for the period from May 6, 1915, to July 15, 1918, at $65 a month, in all $2,075.70; the former from July 16, 1918, to May 6, 1921, at $75 a month, aggregating $2,525. Four claims by others were also filed, aggregating less than $200. No objections were interposed to the two claims first above mentioned, and none appeared to have been as to the other four, and without testimony taken all such claims were allowed *November 7, 1921,* and order and judgment thereupon made and filed the same day. No order directing payment was made. The executor of the estate was the son-in-law of the claimant, *Mrs. Behrens,* and on December 4, 1921, he paid to her the amount of her claim, taking her receipt, and on December 8th paid *Mrs. Wuetherich.*

*November 6, 1922,* a petition was filed on behalf of three residuary legatees and others, asking that the said order or judgment on claims so far as it affected those of *Mrs. Behrens* and *Mrs. Wuetherich* should be opened up, and set aside because of being excessive, unreasonable, and illegal claims; allowed inadvertently by mistake, and to the petitioners' surprise; and through the negligence of the said executor and his attorney. The petitioners also alleged that they had no knowledge of the allowance of said claims until about September 15, 1922. One of said petitioners had himself filed one for $21.63 of the four other claims.

Notice of hearing on said petition was set for December 4, 1922. At that time the executor appeared by attorney and asked to have the said petition dismissed for the reason that the two claims had been fully paid by him in accordance with the judgment on claims aforesaid and that he holds proper receipts from said claimants. The claimants also appeared and moved to dismiss the said petition on

several grounds, among others the same one asserted by the executor as just above stated; and because there was no jurisdiction in the court to vacate such judgment because of the lapse of more than one year after the entry thereof; because insufficient facts were stated in the petition to give the court jurisdiction; and because there had been compliance with the statutory requirements. No counter affidavits were offered and no testimony taken. Upon the hearing the court made an order January 12, 1923, vacating and setting aside so much of the judgment as allowed said two claims, providing that a hearing should be had as to each thereof, and suggesting that the same be heard at the time that had just been fixed for a hearing of the final account filed December 11, 1922, that is, on February 5, 1923.

From the order so vacating the judgment the two claimants have appealed.

For the appellants the cause was submitted on the brief of *R. W. Lueck* of Watertown.

For the respondents there was a brief by *Kading & Kading* of Watertown, and oral argument by *C. A. Kading*.

ESCHWEILER, J. The petition for relief was filed and action taken thereupon by the court's order fixing the time for a hearing thereof on November 6, 1922, and therefore within the period of one year after the entry of the order and judgment of November 7, 1921, sought to be vacated or modified.

Under sec. 4035, Stats., the court could then, or thereafter upon later hearing, have permitted an appeal from the judgment of November 7, 1921, or, in its discretion, reopened the case and granted a retrial. This statute does not require that the petition shall be heard and finally determined within the year because of the express provision therein found requiring only that "the petition therefor shall be filed in the office of the clerk of the county court within one year after the act complained of."

Appellants contend that the county court was foreclosed from making the order for rehearing that it did because such order was not made within the year subsequent to November 7, 1921, and therefore not within the jurisdictional period fixed in sec. 2832, Stats., for the granting of such relief. This is so claimed in spite of the uncontradicted allegation in the petition that the petitioners had no knowledge of the entry of such order and judgment allowing claims until September, 1922, by reason of the fact that one of said petitioners, having had his claim allowed at the same time with the others, was conclusively presumed to know of the allowance of these claims. The rule is well established by cited decisions of this court that under this particular statute not only must the petition for relief be presented, but it must be heard and acted upon within the said year. There was, however, here no violation of such rule because, even were the one petitioner held conclusively presumed to know of the allowance of the other claims, that could not and does not bar the right of the others who did not have notice of the entry of the order until the September following.

The trial court reached the conclusion, as expressed in his written decision, that if his attention had been called to the real situation the two claims involved would not have been allowed without a hearing; that being so, he might well have made such an order of his own motion by virtue of the power inherent in the county court to correct, while the proceedings are still before them, such erroneous results as were here reached. *Scheer v. Ulrich,* 133 Wis. 311, 113 N. W. 661; *Estate of Staab,* 166 Wis. 587, 592, 166 N. W. 326; *Guardianship of Reeve,* 176 Wis. 579, 591, 186 N. W. 736.

The question whether the relief asked for should be granted was one resting in the judicial discretion of the court, and upon the showing here made such discretion was well and properly exercised.

Although the executor has not joined in the appeal, and so perhaps the objection interposed by him in the court below on the ground that he had paid these claims in December, 1921, pursuant to the order of the preceding month, is not before us, yet, inasmuch as the point is perhaps preserved by the claimants' exceptions to the order of the court below and is discussed in their brief, we shall dispose of it.

The order and judgment of November 7, 1921, was pursuant to sec. 3842, Stats., and such allowance of the claims became a judgment as to the amounts and validity thereof. *Jameson v. Barber,* 56 Wis. 630, 633, 14 N. W. 859. Such order and judgment, however, neither by its own terms nor by the section of the statute just cited, provided for, authorized, or allowed the executor to pay the same. By secs. 3852 to 3856, Stats., inclusive, provision is made for the procedure subsequent to such allowance of claims for their proper and timely payment. It is only upon and pursuant to the order under sec. 3856, Stats., directing the executor or administrator to pay the debts, that his individual responsibility and that of his bondsmen becomes fixed and determined rather than under sec. 3842, *supra,* as contended for by appellants. *Roberts v. Weadock,* 98 Wis. 400, 404, 74 N. W. 93; *Kellogg v. Stroud,* 166 Wis. 12, 17, 163 N. W. 261.

*By the Court.*—Order affirmed.