BOEHM, Appellant, vs. WERMUTH, Respondent.

*October 10—November 8, 1927.*

*Waters: Diversion of stream by act of God: Trial: Intermingling opinion and findings.*

1. Findings of fact of the trial court which are so combined with the opinion as to make separation of findings, observations, conclusions, and argument difficult are not in compliance with sec. 270.33, Stats., requiring the trial court to separately state the facts found by him and his conclusions of law thereon. p. 83.
2. Findings of fact and conclusions of law are one thing, while an opinion is a separate and distinct thing, and the two should not be confused or intermingled. p. 84.
3. A stream formerly occupied an easterly and sometimes a westerly channel, but for a great many years it had been so obstructed that it flowed through the easterly channel by plaintiff's lands. By an act of God—a flood—the stream reverted to its westerly channel and defendant refused to restore the obstruction or permit plaintiff to go on his lands to do so. *Held,* that the court correctly decided on the facts that there was no liability on the part of the defendant toward the plaintiff. p. 84.

, APPEAL from a judgment of the circuit court for Juneau county: E. W. CROSBY, Circuit Judge. *Affirmed.*

Damage for diversion of water-course. The complaint alleges the ownership of the premises involved in the con-

troversy; that an ancient water-course had existed which flowed by the plaintiff's premises; that the defendant unlawfully diverted the waters from said water-course into another and different channel, which caused the water to flow away from the plaintiff's premises; sought to recover damages for past injuries and a mandatory injunction compelling the defendant to restore the stream to its natural course.

The answer admitted the ownership of the various premises and denied all other allegations of the complaint.

There was a trial before the court, and the court found that the cause of the diversion of the water-course was not an act of the defendant but was an act over which the defendant had no control; that there was no duty on the part of the defendant to restore the stream to its original channel; that the plaintiff had no right to go upon defendant's lands for that purpose, and dismissed the complaint. From judgment of dismissal plaintiff appeals.

*Clinton G. Price* of Mauston, for the appellant.

For the respondent there was a brief by *McFarlane & Loomis* of Mauston, and oral argument by *O. S. Loomis.*

ROSENBERRY, J. The findings of fact in this case are combined with a decision which makes it very difficult to separate findings from observations, conclusions, and arguments. The nature of findings of fact and conclusions of law is indicated in *Cointe v. Congregation of St. John the Baptist,* 154 Wis. 405, 143 N. W. 180. It is not necessary for us to repeat here what was said in that case in respect to the value of the opinion of the trial court, nor should it be necessary to emphasize the fact that an opinion, relating to findings of fact and conclusions of law, however helpful, is not in compliance with the statute. Sec. 270.33, Stats. We call attention to this matter because the practice of permitting opinions to stand as findings of fact and conclusions of law seems to be increasingly prevalent. The trial judge,

who has a much more intimate knowledge of the facts of the case and a firmer grip on the whole situation, can much more accurately and definitely determine what are findings of fact than this court. Findings of fact and conclusions of law are one thing, an opinion is another and a distinct and separate thing. They should not be confused or intermingled.

There are no assignments of error in plaintiff's (appellant's) brief as required by the rule. There is a statement in the brief of the claims made by plaintiff upon the whole case. The matters which it is claimed amount to error on the part of the trial court are not pointed out. We assume from the argument that the principal error relied upon is that the findings are against the great weight and clear preponderance of the evidence.

The controlling question in this case is one of fact. It appears that the stream in question formerly occupied the easterly and sometimes the so-called westerly channel; that it had been obstructed so that the stream for a great number of years flowed in the easterly channel by the premises of the plaintiff; that as found by the court, by act of God—a flood—the stream reverted to the westerly channel, and the defendant refused to permit plaintiff to go upon his land for the purpose of restoring the obstruction, as he and his predecessors had been accustomed to do in former times. Upon these facts the court correctly held there was no liability on the part of the defendant to the plaintiff. Plaintiff's contentions upon the facts were not sustained by the findings of the trial court. The evidence is such that we cannot say that the finding of the trial court is against the great weight or clear preponderance of the evidence. On the contrary, it appears to be well supported by the evidence. In this situation no useful purpose will be served by an extended statement of the evidence or by a discussion of authority.

*By the Court.*—Judgment affirmed.