ESTATE OF CUDAHY: BECK and others, Appellants, vs. THE STATE and another, Respondents.

*February 10—June 18, 1928.*

For the plaintiffs there were briefs by *Lines, Spooner & Quarles,* attorneys, *Louis A. Dahlman* and *George Ballhorn,* guardians *ad litem* for minor plaintiffs, and *Malcolm K. Whyte,* of counsel, all of Milwaukee, and oral argument by *Mr. Whyte* and *Mr. L. S. Clemons* of Milwaukee.

For the defendants there were briefs by the *Attorney General, Franklin E. Bump,* assistant attorney general, *Eugene Wengert,* district attorney of Milwaukee county, *Daniel W. Sullivan,* corporation counsel, and *C. Stanley Perry,* assistant district attorney, and oral argument by *Mr. Bump* and *Mr. Sullivan.*

The following opinion was filed March 6, 1928:

OWEN, J.   The heirs and donees of Patrick Cudahy, deceased, instituted these proceedings in an effort to secure a rebate of inheritance taxes imposed upon gifts made to them by Patrick Cudahy, deceased, during his lifetime, it appearing by the decision of the federal supreme court in the case of *Schlesinger v. Wisconsin,* 270 U. S. 230, 46 Sup. Ct. 260, that the statute resulting in the order or judgment of the county court was unconstitutional.   The taxes thus sought to be recovered are the same as those involved in *Beck v. State,* decided herewith (*ante,* p. 242, 219 N. W. 197).

The original order imposing the tax was made on the 28th day of June, 1921.   The petition herein was filed with the county court on the 8th day of October, 1926, more than

five years subsequent to the entry of the original order or judgment. The county court held that it had no power or authority to open up or modify the original judgment, and denied the prayer of the petition. Our first inquiry will be directed to the question whether any authority for the granting of such petition by the county court can be found.

Sec. 72.16 (11) of the Inheritance Tax Act provides that any person dissatisfied with the appraisement or assessment and determination of such tax may apply for a rehearing thereof before the county court within sixty days from the fixing, assessing, and determination of the tax by the county court. This is a statute dealing specifically with the question of rehearing in the matter of the determination of the inheritance tax. By the application of familiar rules of statutory construction, it would seem that this statute would govern and prevail over any other general statute authorizing rehearings by the county court. However, we shall not definitely decide that question, unless there be found some other statute or authority under which the county court was permitted to grant this application. If there be found no authority anywhere for the granting of the application, it will be unnecessary to consider any question relating to conflicting provisions of the law.

Under sec. 324.05, Stats., the county court is authorized within one year to grant an extension of the time within which an appeal from an order or judgment of the county court must be taken (which is sixty days) "if it shall appear that justice requires a revision of the case," "or the county court may in its discretion reopen the case and grant a retrial of the matter complained of." As a condition of the exercise of this power on the part of the court, it must appear that the party applying omitted to take an appeal according to law from some cause "without fault on his part."

As appears in the case of *Beck v. State,* decided herewith (*ante,* p. 242, 219 N. W. 197), this tax was paid under protest. The constitutionality of the six-year statute was

raised at the hearing held for the purpose of determining the inheritance tax. The constitutionality of the statute was upheld. The petitioners here, as well as the executors of the estate, knew that they had the right of appeal from that judgment. They did not appeal. They accepted from the state and county treasurers the rebate to which they were entitled under the law. They acquiesced in the decision of the county court upon the constitutionality of the statute, and, to all intents and purposes, utterly abandoned their contention that the law was unconstitutional. Being fully advised in the premises, they elected to abandon their right of appeal and abide by the judgment of the county court. It was only when the supreme court of the United States, several years later, in a proceeding in another estate, held the statute unconstitutional, that they made this petition for a correction or a modification of the former judgment. Under such circumstances, it is impossible to find that they failed to take their appeal without fault on their part. If the county judge had so found, it would have been contrary to palpable facts and an abuse of discretion.

It is to be noted, however, that the decisions of this court establish an exception to the limitations imposed by this section upon the power of the court to grant rehearings. A long line of cases hold that the county court, notwithstanding any statutory provision to that effect, or in the absence thereof, may at any time open up its judgments or orders when they were procured by fraud or when they were rendered without jurisdiction. *Israel. v. Silsbee,* 57 Wis. 222, 15 N. W. 144; *Parsons v. Balson,* 129 Wis. 311, 109 N. W. 136; *Scheer v. Ulrich,* 133 Wis. 311, 113 N. W. 661; *Estate of Staab,* 166 Wis. 587, 166 N. W. 326; *Guardianship of Reeve,* 176 Wis. 579, 186 N. W. 736. But it is not contended that the judgment determining the inheritance tax in this estate was procured by fraud, and that the court had jurisdiction is settled by *Beck v. State, supra.*

Sec. 324.21 provides that any county court may amend,

correct, and perfect its record of any matter transacted therein in such manner as may be necessary to make the same conform to the truth. Manifestly this authorizes the correction of purely clerical mistakes. It authorizes the correction of records which do not speak the truth concerning the real action of the court. It does not authorize the court to reverse or set aside its orders or to vacate its judgments. If it permitted the court at its will and pleasure, or upon motion of any party interested, to vacate and set aside, reverse, or modify its orders or judgments, there would be no finality to the procedure of county courts, and would give rise to a chaotic condition anomalous in the law and intolerable in fact.

These are the only statutes or principles of law called to our attention in support of the power of the county court to modify its judgment in the matter of the determination of the inheritance tax in this estate. We are clear that no authority for the granting of the petition can. be found. Many cases from New York have been cited to our attention which it is claimed constitute authority for the granting of this petition. If our own law did not seem clear upon the question we might find some assistance in those decisions. But where our own statutes and the decisions of our own court are so consistent and clear with reference to the power of the county court in the matter, a reference to decisions from other jurisdictions results in confusion rather than in a conclusion consistent with the established and settled law of this state. We conclude that the prayer of the petition was properly denied.

*By the Court.*—Order affirmed.

A motion for a rehearing was denied on June 18, 1928.