AMERICAN NATIONAL BANK, Respondent, vs. SMITH, Intervener, imp., Appellant.

*March 6—June 4, 1929.*

For the appellant there was a brief by *Clark & Lueck* of Beaver Dam, and oral argument by *Arthur W. Lueck*.

For the respondent there was a brief by *Lorenz & Lorenz* of Milwaukee, and oral argument by *Ira S. Lorenz*.

STEVENS, J. The sole issue presented by this appeal is whether the intervener, Smith, has established the fact that he is the owner or entitled to the possession of the property attached.

On April 2, 1929, this court filed an opinion directing that a new trial be had, basing that decision upon the fact that the plaintiff had been compelled to go to trial without an opportunity to prepare therefor; that the trial court had expressed a doubt as to whether "a full trial had been had in the case," and that the evidence was in somewhat unsatisfactory form. The trial court had filed four separate opinions or decisions, in addition to an order and a judgment, all of which resulted in denying intervener's petition, from which

this court understood that the petition to intervene was denied. It now appears that the court had permitted the intervention, but denied relief to the intervener. Counsel for both parties join in a request on the motion for rehearing that the court dispose of the case upon its merits upon the record made.

The action was against Jane F. Lewis. The testimony of the only witnesses who were called in the case established the fact that all of the property here in question, outside the two horses, belonged to a son of the defendant, and that he had transferred this property to the intervener by bill of sale long before the attachment here in question was levied. The proof establishes without controversy that the two horses had always belonged to the intervener. There is no proof that the property belonged to the defendant at the time of the attachment outside such circumstances as that it was on her place and had been advertised for sale in her name. These circumstances are explained in a way that is entirely consistent with the ownership of the property by the intervener.

The fact that the bill of sale was made on New Year's day and was never recorded gives the plaintiff no right to attach the property, if in fact it never belonged to Mrs. Lewis.

The finding of the trial court cannot be accorded the weight usually given to such findings because made on the erroneous assumption that the son who had owned the property was a defendant. When the court discovered that it was in error in this particular, it attempted to set aside the finding and grant a rehearing, but found that it could not do so because the term had expired. It then entered the judgment from which this appeal was taken. The expiration of the term does not affect the power of this court on appeal to set aside the determination of the trial court and to

direct the entry of such judgment or order as the rights of the parties may demand.

The decision filed April 2, 1929, is withdrawn. The judgment dismissing intervener's petition is reversed, and the cause remanded with directions to determine that intervener is entitled to the possession of the property attached.

*By the Court.*—So ordered.