ESTATE OF BATZ: STATE BANK, Appellant, vs. BATZ, Administrator, Respondent.

*November 11—December 9, 1930.*

For the appellant the cause was submitted on the brief of *Mason & Priestley* of Madison.

For the respondent there was a brief by *Hill, Beckwith & Harrington* of Madison, and oral argument by *J. T. Harrington.*

FRITZ, J.   On December 6, 1926, an order was duly entered allowing creditors four months, expiring on April 6, 1927, within which to file claims, and that order was duly published.   On April 22, 1927, on petition of another creditor, the time to file claims was duly extended to June 1, 1927.   On June 5, 1927, there expired the period of sixty

days after the time originally fixed by the order of December 6, 1926, for presenting claims, during which the court might have directed such time to be extended under sec. 313.03, Stats. Upon the expiration of that initial sixty-day period it was beyond the court's power to further extend the time for such presentation. On June 28, 1927, the State Bank filed a petition for an extension of time for presenting claims, and falsely alleged that the time theretofore limited expired on June 1, 1927, "and that sixty days have not elapsed since such expiration." The administrator's attorneys waived notice of hearing on that petition, and did not oppose the extension of the time. On June 28, 1927, the court, misled by that false allegation, made an order in which, after reciting that "it appearing that . . . sixty days have not elapsed since the expiration of the time limited in the first instance," ordered the time for presenting claims extended to July 28, 1927. No appeal was taken from that order. Prior to July 28, 1927, the bank filed its claim, but there were no further proceedings in relation to that claim until after the administrator changed attorneys, who then filed objections, denying the validity of the claim, and further specifying that it was barred by the statute of limitations and by the bank's failure to file it within the time required by law.

In disallowing the claim the learned county judge said:

"The court is of the opinion that in the entry of the said order of June 28, 1927, the court acted entirely without jurisdiction and beyond the authority of the statute, and was in fact misled by the recitations in the petition upon which the order was entered. That in so acting without authority of law or statute, the court's order must be considered as a nullity, and that it did not need to be appealed from."

In falsely alleging and representing that on June 28, 1927, the sixty-day period within which the court could ex-

tend the time to file claims had not elapsed, and thereby misleading the court to erroneously again extend such time, a fraud was, in effect, perpetrated upon the court by the claimant. Inasmuch as the court was misled, and its erroneous order was induced by that fraud, and the estate was still before it for administration, it was within the power of the county court to purge its proceedings of the consequences of that fraud. As was said in *Estate of Staab,* 166 Wis. 587, 592, 166 N. W. 326:

"While the estate is still before the court for administration, it is still before it to have its proceedings purged of fraud, and the mere passing of the time within which parties might appeal to another tribunal is immaterial."

To the same effect, see *In re Fisher,* 15 Wis. 511, 521; *Israel v. Silsbee,* 57 Wis. 222, 15 N. W. 144; *Estate of O'Neill,* 90 Wis. 480, 484, 63 N. W. 1042; *Parsons v. Balson,* 129 Wis. 311, 316, 109 N. W. 136; *Scheer v. Ulrich,* 133 Wis. 311, 316, 113 N. W. 661; *Guardianship of Reeve,* 176 Wis. 579, 186 N. W. 736; *Estate of Kallenbach,* 184 Wis. 171, 174, 199 N. W. 152; *Estate of Cudahy,* 196 Wis. 260, 262, 219 N. W. 203.

In *Scheer v. Ulrich, supra,* and *Estate of Kallenbach, supra,* that power of the county court to revoke orders when induced by fraud was exercised to set aside orders procured by claimants in relation to the allowance of claims filed in the course of the administration of estates.

As the county court rightly set aside the order purporting to extend the time beyond June 1, 1927, and the bank's claim was not filed until after that date, its right to recover had become barred forever (sec. 313.08, Stats.; *Fields v. Estate of Mundy,* 106 Wis. 383, 386, 82 N. W. 343), and its claim was properly disallowed.

*By the Court.*—Order affirmed.