STENEMAN, Respondent, vs. BREYFOGLE, Appellant.

*February 7—March 7, 1933.*

For the appellant there were briefs by *Ernest E. Watson* of Minneapolis, Minnesota, and *W. T. Doar* of New Richmond, and oral argument by *Mr. Doar*.

For the respondent the cause was submitted on the brief of *Spencer Haven* of Hudson.

WICKHEM, J. The defendant first appeals from that part of the order which provides "that the answer of the jury to question number one of the special verdict be changed by the court from 'No' to 'Yes;' that the answer to question number three be supplied and that said question be answered 'Yes.' " This portion of the order is not appealable. *Larson v. Hanson,* 207 Wis. 485, 242 N. W. 184, and cases there cited. Defendant also appeals from that part of the order which grants the defendant the option, to be exercised within ten days, to let judgment be taken against him for $1,800 and costs. This portion of the order is not appealable. There is nothing adverse to the defendant in the mere granting of an option, and, if there was, defendant may refuse to exercise the option.

A more serious question is presented by the portion of the order which provides that, if neither party exercises his

option within the time limited, a new trial upon the question of plaintiff's damages only is granted. Two doctrines are well established in this state, and the question relates to their application to the present situation. The first is that an order after verdict and before judgment denying a new trial is not appealable because it does not in effect determine the action nor prevent a judgment from which an appeal may be taken. *Borowicz v. Hamann,* 189 Wis. 212, 207 N. W. 426; *Victor Sewing Machine Co. v. Heller,* 41 Wis. 657. Hence, in so far as this appeal may be considered as taken from those portions of the order which explicitly or in effect deny defendant's motions for a new trial, it must fail.

It is equally well established that no litigant can appeal from an order made upon his motion or request. *Treat v. Hiles,* 75 Wis. 265, 44 N. W. 1088; *Larson v. Hanson, supra.* Hence, it is contended by the plaintiff that the order for a new trial was made upon motion of the defendant and falls within this rule. On the other hand, defendant contends that his motion was for a new trial upon all the issues, and that a new trial limited to damages only cannot be considered to have been made at his request. This contention is without merit. While defendant appeals from the order granting a new trial on the subject of damages, he has no objection to that order so far as it goes. He does not claim that the damages were not excessive, or that the court did not have adequate grounds for granting relief. The essence of his complaint is that the order did not go far enough,—that the court denied a new trial upon all the issues. This portion of the order is not appealable.

It follows that the appeal must be dismissed.

*By the Court.*—Appeal dismissed.