DAWLEY, Appellant, vs. DAWLEY, Respondent.

*November 16—December 19, 1944.*

For the appellant there was a brief by *Rieser & Mathys,* attorneys, and *William A. McNamara* of counsel, all of Madison, and oral argument by *Mr. McNamara.*

For the respondent there was a brief by *Schubring, Ryan, Petersen & Sutherland* of Madison, and oral argument by *A. R. Petersen.*

ROSENBERRY, C. J.. Sec. 270.53, Stats., provides:

"(1) A judgment is the final determination of the rights of the parties in the action.

"(2) Every direction of a court or judge made or entered in writing and not included in a judgment is denominated an order."

In this case the trial court in a document which bears the caption "Order as to payment of support money," after recitals as to appearances, etc., said in part:

"The court having ordered that the said judgment heretofore entered with reference to the payment of support money be modified, viz., that the defendant shall pay to the plaintiff for the support and maintenance of the minor child of the parties, Richard, the sum of $83.33 monthly beginning as

of March 1, 1944, and in addition thereto any unusual medical expense that may be incurred for·or in behalf of said minor child shall be paid by the defendant upon being presented with verified statements of such expenditures; and the court having held in abeyance his opinion as to the right of the plaintiff to have the sought for increase in support money dated back for a period of two years, until briefs could be filed;

"And now after carefully examining the briefs filed by counsel for the parties, it is our opinion that the statutes do not permit the increased allowance for the period preceding the date of the service of the petition upon the defendant."

After citing secs. 247.25 and 247.32, Stats., the court continued:

"It seems to us that under these sections that the power of the court to act is definitely limited to ordering a revision in the judgment upon petition of either of the parties and that such order cannot be retroactive for a period of months or years."

After reference to a long experience in divorce matters, the court recommended that the defendant pay the amount voluntarily and then ordered that—

"The defendant shall pay to counsel for the plaintiff the sum of $100, and sheriff's fees in the sum of $2.40 on or before June 1, 1944."

The notice of appeal is as follows:

"Please take notice that the plaintiff above named hereby appeals to the supreme court of the state of Wisconsin from that portion of the order made and entered in this action, by said court, on the 15th day of May, 1944, a copy of which order is hereto annexed, which orders that the increase in support money paid by defendant shall not be effective for a period prior to the date of the service of the petition upon the defendant."

In this case the court ordered nothing except that the payment be increased to $83.33 per month from March 1,

1944, and that the defendant pay $100 counsel fees. That part of the order requiring the payment of $83.33 per month from March 1, 1944, might be held to be an inferential denial of the plaintiff's application to have the order made retroactive, but it clearly appears from the document filed by the court that that question was expressly reserved and thereafter considered and an opinion filed but no order was made making a final disposition of it. That part of the opinion dealing with the power of the court to make the order retroactive is at best a mere conclusion of law. It is elementary that no appeal lies from findings of fact or conclusions of law. *Webster-Glover L. & M. Co. (Ltd.) v. St. Croix County* (1885), 63 Wis. 647, 24 N. W. 417; *Will of Stanley* (1938), 228 Wis. 530, 280 N. W. 685.

The practice of intermingling findings of fact, conclusions of law, discussions of fact, discussions of questions of law, and observations is not to be commended. It is confusing, makes the consideration of cases more difficult and, as in this case, sometimes leads to an unfortunate result. See *Boehm v. Wermuth* (1927), 194 Wis. 82, 215 N. W. 818.

Orderly practice in a matter such as was before the court in this case requires that an opinion be filed, if that seems to the court proper and necessary, and upon the basis of the opinion an order should be made in a separate document. Discussions of questions of law and other extraneous matters should not be included in an order. Nothing but the direction of the court or judge should appear in an order after the proper recitals.

The document filed in this case does not come within the rule of *Will of Pattison* (1926), 190 Wis. 289, 207 N. W. 292, where the cases are collected and the matter more fully discussed.

No order having been entered in regard to the question sought to be raised, no appeal lies.

*By the Court.*—Appeal dismissed.