ESTATE OF RULE: DYER, Appellant, vs. McKINLEY, Administrator, Respondent.

*February 4—February 28, 1958.*

For the appellant there was a brief by *Knudson & Morrow* of Dodgeville, attorneys, and *George A. Solsrud* of Madison of counsel, and oral argument by *Mr. Solsrud*.

For the respondent there was a brief and oral argument by *James P. Fiedler* of Mineral Point.

BROADFOOT, J.   The complaint filed contained an allegation that there was an agreement that claimant should be paid for such services from decedent's estate and specifically by filing a claim therefor against said estate after the death of the mother.  The trial court determined that this allegation,

which was not contained in the claim as filed, constituted an amendment of the claim by which the claimant enlarged her demand and materially changed the nature of her action. The court cited a general rule that claims filed within the time limited therefor cannot be amended after the expiration of such time so as to increase the amount or nature of the relief or materially change the basis therefor. It cited the following cases as authority for this rule: *Estate of Von Nobel,* 239 Wis. 233, 1 N. W. (2d) 76; *Estate of White,* 223 Wis. 270, 270 N. W. 34; *Estate of Leu,* 172 Wis. 530, 179 N. W. 796. Those cases do support that general rule.

We do not think the present case comes within that general rule. In the present case the claimant did not seek to amend the original claim nor was the complaint, filed at the request of the court, offered as an amendment. No amendment of the claim was necessary. We quote from 1 Gary, Wisconsin Probate Law (5th ed.), p. 384, sec. 405, as follows:

*"Form and Sufficiency of Claim.* No particular form is required for due presentment of a claim in probate. The practice is not intended to be formal, but rather to permit summary action as informally as possible. Statutes relating to pleadings in courts of record are accordingly inapplicable. *Failure of a claim, for instance, clearly to show a cause of action accruing within less than the period of limitations prior to death of the decedent is merely a matter of indefiniteness, not a fatal defect."* (Emphasis supplied.)

The case of *Longwell v. Mierow,* 130 Wis. 208, 109 N. W. 943, involved a claim by a son against his father's estate for services performed. In that case an amendment was permitted to allege that the claim was to mature on the death of the decedent. This court approved the amendment and stated (p. 210):

"The claim as presented to the county court and to the circuit court did not contain any statement of the agreement out of which it originated, yet such claim included enough to suggest that it was based on an agreement of some sort

and that the right thereunder was not barred by the statute of limitations. In view of this and the liberal rules in respect to such matters in county courts and the treatment of the filed claim as a complaint on appeal to the circuit court, we are constrained to hold that the failure to state therein facts showing expressly a cause of action which accrued within six years prior to the death of Henry Mierow was a matter of indefiniteness rather than a fatal defect in the cause of action."

The original claim filed herein apprised the administrator and the heirs of the deceased of the nature and the amount of the claim. It was apparent to the administrator that two things would have to be established by proof to make the claim a valid one, in addition to proof of the nature and extent of the services. Because of the relationship of the parties claimant would have to prove that the work was performed because of an agreement and that the claim was to mature on the death of the decedent. The issues were drawn and the case was tried. Proof was adduced to establish those facts. Even though the complaint filed at the request of the court were considered as an amendment of the claim it should have been allowed as it merely conformed to the proof given at the hearing.

The trial court did not pass upon the merits. In most instances we would remand the record to the trial court to enable it to pass upon the evidence. However, in this matter the testimony of Carl Rule was uncontradicted, the witness was not impeached in any way, he had no interest in the claim, and his testimony is not incredible nor against reasonable probabilities. Under the circumstances his positive uncontradicted testimony could not be disregarded by the court.

*By the Court.*—Judgment reversed. Cause remanded with directions to enter judgment in favor of the claimant in the amount claimed.

STEINLE, J., dissents.