ESTATE OF BAUMGARTEN: FARMERS & MERCHANTS BANK, Appellant, v. REEDSBURG BANK, Respondent.

*November 29, 1960—January 10, 1961.*

For the appellant there were briefs and oral argument by *E. H. Radtke* of Reedsburg, attorney, and *William H. Spohn* of Madison of counsel.

For the respondent there was a brief by *Kjorstad & Stevens* of Reedsburg, and *W. L. Jackman* of Madison, and oral argument by *Mr. Jackman,* and by *Mr. Paul M. Newcomb* of Reedsburg, guardian *ad litem,* and *Mr. Victor A. Miller* of St. Nazianz.

CURRIE, J.  While other issues are raised in appellant's brief we deem the controlling issues to be:

(1) Did the memorandum decision of May 4, 1960, constitute an appealable order?

(2) Did the filing of the original verified petition by the appellant bank to extend the time for filing claims in itself constitute the filing of a claim?

(3) Did the county court possess the power under sec. 324.05, Stats., to have granted the appellant bank's petition to amend the order which extended the time within which claims might be filed?

### Appealability of Memorandum Decision.

Even though the respondents have raised no issue with respect to whether the county court's memorandum decision of May 4, 1960, constituted an appealable order, it is the duty of this court to dismiss the appeal on our own motion if we conclude it is not. *Mitler v. Associated Contractors* (1958), 3 Wis. (2d) 331, 88 N. W. (2d) 672. The enactment of sec. 274.11 (4), Stats.,[1] by the 1959 legislature, which has extended the jurisdiction that may be conferred on this court by consent or waiver, has not abrogated the rule of the *Mitler Case*. This is because the statute makes such extended jurisdiction contingent upon the trial court's having entered an appealable order or judgment.

It is apparent that counsel for the appellant bank were not unmindful of the problem. This is because the notice of appeal read in part as follows: "Farmers & Merchants Bank, Reedsburg, Wisconsin, hereby appeals to the supreme court of the state of Wisconsin from . . . the whole of an order of the court issued May 4, 1960, entitled 'Decision' and which in effect denies the allowance of an admittedly valid claim against the above estate."

The only reference made in the memorandum decision to the possibility of the bank's original petition, which requested an extension of time within which claims might be filed, being determined to constitute a validly filed claim, is contained in the following paragraph of the decision:

"The court has given careful consideration to each of the contentions made in the brief of counsel for the creditor bank.

[1] "The right of appeal shall exist from the time of the entry of *the appealable order or judgment* and in cases of appeal the supreme court shall have jurisdiction over the subject matter of the action from that time. The procedural requirements of subs. (1), (2), and (3) and of this chapter shall relate only to the jurisdiction of the court over the parties to the appeal." (Italics supplied.)

The first contention is that the filing of a verified petition to extend the time for filing claims constituted the filing of a claim. The difficulty with that argument, it seems to me, is, first, that it was not denominated a claim, but petition to extend the time for filing. Second, it was apparently not so construed by the bank, because the bank did eventually get around to filing a claim in January of 1960; and, third, if it was a claim, then it· was not a petition to extend, and as a claim it was filed after the time for filing claims had expired."

The statutory definition of an *"order"* is set forth in sec. 270.53 (2), Stats., as follows:

"Every direction of a court or judge made or entered in writing and not included in a judgment is denominated an order."

We do not consider that the word "direction" appearing in such definition is to be construed narrowly so as to be confined to an express command, but rather should be interpreted broadly to embrace a ruling or adjudication as well. There is nothing stated in such decision that any further order is contemplated to be entered with respect to such motion. The prior holdings of this court establish that a memorandum opinion or decision may constitute an order if it in fact constitutes the final ruling of the court. *State ex rel. Zilisch v. Auer* (1928), 197 Wis. 284, 287, 288, 221 N. W. 860, 223 N. W. 123; *Will of Pattison* (1926), 190 Wis. 289, 298, 207 N. W. 292; and *Will of Jansen* (1923), 181 Wis. 83, 85, 193 N. W. 972. However, it is much the preferable practice for trial courts to draft and enter a separate order apart from the memorandum decision embodying the adjudication determined upon. *State ex rel. Chinchilla Ranch, Inc., v. O'Connell* (1952), 261 Wis. 86, 94, 51 N. W. (2d) 714.

It is our conclusion that the afore-quoted extract from the memorandum decision constitutes the final ruling of the

county court on the issue raised by the bank's motion that its original petition be determined to be its claim and allowed as such. Therefore, such ruling is an *"order"* within the meaning of sec. 270.53 (2), Stats. The effect of the bank's motion was to institute a special proceeding and such order terminated such proceeding. Therefore, it is a final order affecting a substantial right in a special proceeding and is appealable under sec. 274.33 (2).

*Petition to Extend Time as Being a Claim.*

The issue on the merits, which is raised by the appeal from the memorandum decision, is whether a petition or other written instrument filed in a probate proceeding, that is not denominated a claim and which does not apprise the court or the personal representative that it is intended to serve the purpose of a claim, may be held to constitute a claim against the estate of the deceased. It is our determination that such an instrument does not constitute a claim and is not to be allowed as such by the county court.

Counsel for the appellant bank cite *Estate of Rule* (1958), 3 Wis. (2d) 301, 88 N. W. (2d) 734, and *Estate of Beyer* (1924), 185 Wis. 23, 200 N. W. 772. These cases hold that no particular form is required by statute for filing claims against an estate. In the *Rule Case* (p. 304), the test employed, in determining if the claim filed was sufficient to qualify as such, was whether it "apprised the administrator and the heirs of the deceased of the nature and the amount of the claim." Counsel argue that the bank's original petition met such test.

However, not a single authority has been cited in which it was held that an instrument never intended to be filed as a claim, and which by its very terms does not purport to be a claim, does nevertheless constitute a claim. It is in this respect that the bank's petition fails to qualify as a

claim, and we deem this to be fatal to the contention advanced in behalf of the bank. It is essential in the orderly probate of estates that, before a filed instrument can be determined to constitute a claim against an estate, its form must be such as to apprise the court and the administrator, or executor, that it is intended to be such. The bank's petition not only was wholly insufficient to so apprise the court and the executor, but affirmatively made it clear that the bank was not then filing a claim but instead sought an extension of time in which to do so at a later time.

*Power of the County Court to Grant Petition to Amend.*

It appears from the memorandum decision of the county court that the denial of the bank's petition to amend the order, which extended the time for filing claims for two months, was grounded upon the court's belief that it lacked the power to grant such petition. The memorandum decision made it clear that, if the matter were one lying within the discretion of the court, the court would have exercised such discretion to grant the relief prayed for. We quote from the memorandum decision as follows:

"The last, and most-serious contention, is that the court, even though the order [extending the time for filing claims] was properly entered, now has power to amend the same. Certainly if the court felt that he had this power, notwithstanding the negligence of the creditor bank in failing to file its claim within the term of the first order, the court would now grant relief, if such relief were possible. I have carefully considered the cases as submitted, and I am satisfied that none of them are applicable here, and that the court having entered its order, and the time for filing thereunder having expired, that the court is now powerless to take any further action in the matter."

A county court has power at any time to set aside an order or judgment entered by it which is void because the court did not have jurisdiction to enter it, or which was obtained

by fraud. *In re Fisher* (1862), 15 Wis. 567, 577 (*511), (*521); *Estate of Cudahy* (1928), 196 Wis. 260, 263, 219 N. W. 203; *Will of Pettee* (1954), 266 Wis. 347, 352, 63 N. W. (2d) 715; and *Estate of Kammerer* (1959), 8 Wis. (2d) 494, 502, 99 N. W. (2d) 841. However, where there is no equitable ground, such as fraud, for setting aside an order or judgment, the county court's power to set aside or alter the same is subject to the time limits imposed by secs. 269.46 and 324.05, Stats., except in the very limited respect authorized by sec. 324.21.

We find it unnecessary to consider the possible application of sec. 269.46, Stats., to the instant case but will confine our inquiry to sec. 324.05, which is limited in its application to county courts. Such statute provides as follows:

"If *any person aggrieved by any act of the county court shall, from any cause without fault on his part,* omit to take his appeal within the time allowed, the court may, upon his petition and notice to the adverse party, and upon such terms and within such time as it shall deem reasonable, but not later than one year after the act complained of, allow an appeal, if justice appears to require it, with the same effect as though done seasonably; *or the court may reopen the case and grant a retrial, but the order therefor must be made within one year after the act complained of."* (Italics supplied.)

We are disinclined to narrowly construe the statutory words *"a person aggrieved"* so as to only authorize a party to move for the opening up of an order or judgment under sec. 324.05, Stats., who would have the right to appeal therefrom. We think the test in this respect should be whether such party will sustain injury if relief from the order or judgment is not granted. In the instant case the bank would not be in a position to appeal from the order extending the time to file a claim because it had petitioned for entry of the same. *Steneman v. Breyfogle* (1933), 211 Wis. 5, 8, 247 N. W.

337. A cardinal factor to be considered in passing on a motion to reopen under the retrial provision of sec. 324.05 is whether justice requires that it be done. *Estate of Allen* (1943), 243 Wis. 44, 52, 9 N. W. (2d) 102.

The statutory words *"without fault"* apply to an application for retrial as well as to one for an extension of time within which to appeal. In *Estate of Blahnik* (1939), 231 Wis. 101, 104, 285 N. W. 421, such words were held to be the equivalent of want of diligence, as this court therein stated:

"What might constitute a want of diligence in taking an appeal within sixty days might conceivably not constitute a want of diligence in moving for a new trial."

We deem that the words *"without fault"* of sec. 324.05, Stats., in so far as they relate to retrials, should be liberally construed in order to avoid a miscarriage of justice. We, therefore, conclude that it would not constitute an abuse of discretion for a county court to set aside an order or judgment within one year after its entry upon a finding of excusable neglect on the part of the moving party.

While the county court had the bank's petition to amend the order extending the time to file claims under advisement, the affidavits of E. H. Radtke, attorney for the bank, and of James R. Garvey, vice-president and cashier of the bank, were filed. After the original period for filing claims had elapsed Radtke had been employed by the bank to protect its interest with respect to securing payment of its note. The Radtke affidavit stated that to the best of his recollection he had been informed by an unnamed officer of the bank the latter part of August, 1959, that Harry E. Kjorstad, attorney for the executor "would take care of everything . . . and I [Radtke] understood that it would not be necessary for me to further concern myself with the claim" of the bank. The Garvey affidavit stated that on December 17, 1959, Garvey called

Radtke and inquired about the estate, at which time Radtke stated that he "had not filed a claim as he had been told by someone, presumably in the bank, that Mr. Kjorstad, attorney for the estate, was 'taking care of it.' " The affidavit further averred that Garvey then called Kjorstad on the matter and the latter said that "he had merely filed a consent [to the granting of the extension of time] and it was not his place to file a claim." It is thus apparent that there was a misunderstanding on Radtke's part which was responsible for his not seeing to it that the claim of the bank was filed during the extension period. Under these facts it would be discretionary with the trial court whether to find such excusable neglect on the part of the bank as would warrant the court's granting relief under sec. 324.05, Stats. *Estate of Hilgermann* (1932), 208 Wis. 520, 526, 243 N. W. 753.

At first blush the word *"retrial"* of the statute might seem to indicate that the statute was limited in scope to situations in which the original order or judgment had been entered in a contested matter. However, in *Estate of Lehmann* (1924), 183 Wis. 21, 197 N. W. 350, a judgment on claims entered by default without the taking of testimony was set aside under sec. 324.05, Stats. We, therefore, conclude that it is immaterial that the order or judgment, against which relief is sought under the provisions of such statute, is one not entered in a contested proceeding.

The point which has given the court the most difficulty in determining the applicability of sec. 324.05, Stats., is whether such general statute has any application to an order extending time to file claims entered pursuant to sec. 313.03 (1). It would seem clear that sec. 324.05 would have no application to the original order entered by a county court fixing the period for filing claims. This is because the legislature has provided in sec. 313.03 (1), a specific method for relief from such order whereby a creditor who has failed to file

his claim within the original fixed period may secure an extension of the period in which to file claims. This specific method is for such creditor to file, within sixty days after the expiration of such period, a petition praying for an extension. Such specific statutory provision would govern over a general statute such as sec. 324.05.

However, once a claimant has filed such petition for an extension within the required sixty-day period, the county court is empowered to extend the period to any length not to exceed two years from the date of issuance of the letters. We do not consider it would be violative of legislative intent to permit the county court to apply the retrial provision of sec. 324.05, Stats., in favor of a claimant, who has filed a petition for extension within the required sixty-day period, so long as the relief granted would not extend the period for filing claims beyond the maximum period permitted by sec. 313.03 (1). Such a holding we deem to be in keeping with the liberal interpretation to which is to be accorded a remedial statute such as sec. 324.05. *Estate of Allen, supra.*

Counsel for the respondents advance the argument that sec. 313.08, Stats., bars both the county court and this court from modifying the order of August 13, 1959, which extended the time for filing claims. Such statute provides:

"Every claim against a decedent, proper to be filed in probate proceedings in county court, which shall not, after notice given as required by secs. 313.03 and 313.04, be filed within the time limited for that purpose, shall forever be barred."

It has been held by this court that the effect of such statute is to absolutely extinguish any claim not filed within the time fixed for filing claims, except as such period may lawfully be extended. *Estate of Batz* (1930), 202 Wis. 636, 638, 233 N. W. 555. See also *Fields v. Estate of Mundy* (1900), 106

Wis. 383, 386, 82 N. W. 343. Sec. 313.03 (1), Stats., referred to in sec. 313.08, does permit extensions of time within which claims may be filed up to a maximum period of not to exceed two years from the date of issuance of the letters. Therefore, there always exists the possibility that a petition to extend the time may be filed by a creditor within the permissive sixty-day period and that such petition may be favorably acted upon by the county court. Because of this the bar of sec. 313.08 does not become absolute until such possibility has been extinguished. There is no insurmountable logical reason why sec. 324.05 may not be utilized as part of the process to accomplish this authorized extension of time in order to prevent a miscarriage of justice.

One further provision of sec. 324.05, Stats., remains to be considered and that is the one that requires any order for a retrial to be entered "within one year after the act complained of." The act "complained of" in the instant case is the order of August 13, 1959, which extended the time for filing claims. The county court's order of May 13, 1960, denying the bank's petition to amend was entered well within such one-year period. Before this court has been afforded an opportunity to act in the matter such one-year period has elapsed. However, we are satisfied that under the holding of this court in *American Nat. Bank v. Smith* (1929), 199 Wis. 76, 225 N. W. 751, we have the power either: (1) To enter the order which we deem the county court should have entered, or (2) to remand with directions that the county court enter the proper order. In the *American Nat. Bank Case* the trial court made a determination that it could no longer act to correct an erroneous order previously entered because the term had expired during which such order had been entered. On appeal this court reversed and stated (p. 78), "The expiration of the term does not affect the power of this court on appeal to set aside the determination

of the trial court and to direct the entry of such judgment or order as the rights of the parties may demand."

In the instant case the county court denied the petition to amend on the ground that it lacked the power to grant the relief requested. It is well established that, when a trial court fails to exercise a discretionary power with which it is vested on the erroneous ground that the power does not exist, this constitutes an abuse of discretion and requires that such determination be reversed. *Whitham v. Mappes* (1895), 89 Wis. 668, 671, 62 N. W. 430; *Binder v. McDonald* (1900), 106 Wis. 332, 335, 336, 82 N. W. 156; *Hart v. Godkin* (1904), 122 Wis. 646, 650, 651, 100 N. W. 1057; *Phillips v. Brandt* (1950), 231 Minn. 423, 43 N. W. (2d) 285, 16 A. L. R. (2d) 1048; and *Strzebinska v. Jary* (1937), 58 R. I. 496, 193 Atl. 747, 112 A. L. R. 391.

In such a situation the usual practice is for the appellate court to reverse and remand in order that the trial court may exercise the discretion it previously refused to exercise. Such procedure is unnecessary in the instant appeal inasmuch as the county court has stated in its memorandum decision that it would exercise its discretion to grant the relief requested if it possessed the power to do so.

The portion of sec. 324.05, Stats., which deals with retrials apparently contemplates the setting aside of the original order or judgment from which relief is sought and conducting a retrial. Here this would be a useless procedure. All that need be done is to amend the order of August 13, 1959, *nunc pro tunc* so as to extend the time for filing claims to a date beyond that of January 12, 1960, on which the bank filed its claim.

### Costs on Appeal.

The brief filed in behalf of the appellant bank is 63 pages in length, and permission is requested under Supreme Court Rule 10, sec. 251.264, Stats., for taxing as costs the printing

of the pages in excess of 50. We deny such request because we believe with a little more care on counsel's part the brief could have been condensed so as not to exceed 50 pages.

*By the Court.*—The order of May 4, 1960, in so far as it determined that the appellant bank's original petition did not constitute a claim, is affirmed; the order dated May 13, 1960, is reversed; and the order of August 13, 1959, which extended the time for filing claims, is amended *nunc pro tunc* so as to extend the time for filing claims against the estate to January 15, 1960.

HALLOWS, J. (*dissenting*). I do not agree that we can treat the decision of the trial court as an order. The facts of this case are not governed by *Will of Jansen* (1923), 181 Wis. 83, 85, 193 N. W. 972, *Will of Pattison* (1926), 190 Wis. 289, 298, 207 N. W. 292, and *State ex rel. Zilisch v. Auer* (1928), 197 Wis. 284, 287, 288, 221 N. W. 860, 223 N. W. 123.

In *Boehm v. Wermuth* (1927), 194 Wis. 82, 215 N. W. 818, this court was careful to point out the importance of separating findings of fact and conclusions of law from the opinion or decision because they are distinct and separate and should not be confused or intermingled. It is equally important to separate an order from the decision. In *Barrock v. Barrock* (1950), 257 Wis. 565, 44 N. W. (2d) 527, this court expressly stated there was some doubt whether a decision which is written for the information of counsel and which contemplates the filing of formal findings should be accorded the dignity of a court order or judgment. Again, in *Dawley v. Dawley* (1944), 246 Wis. 306, 309, 16 N. W. (2d) 827, we stated:

"Orderly practice in a matter such as was before the court in this case requires that an opinion be filed, if that seems to the court proper and necessary, and upon the basis of the opinion an order should be made in a separate document.

Discussions of questions of law and other extraneous matters should not be included in an order. Nothing but the direction of the court or judge should appear in an order after the proper recitals."

There is no indication in the instant case that the trial court considered its decision as an order. Neither should it be necessary for a court to make a direction in its written decision or opinion that an order should be entered thereon at the risk of having this court assume its opinion is an order. In *State ex rel. Chinchilla Ranch, Inc., v. O'Connell* (1952), 261 Wis. 86, 93, 51 N. W. (2d) 714, the trial court's opinion ended with the sentence: "Defendant's motion must be granted." This court held that such direction did not amount to an order and was not a formal direction within the meaning of sec. 270.53 (2), Stats.

The part of the decision which the majority of the court construes as an appealable order merely contains the trial court's analysis and comments upon the contention of the creditor bank that its petition to extend time for filing claims constituted the filing of a claim. Under the majority opinion, the distinction between an order based upon a decision or a finding of fact is obliterated. A decision now dealing with the denial of a claim or what constitutes a claim may, in substance, be treated as an order for the purposes of an appeal to this court. This is the holding in spite of the fact that sec. 253.12, Stats., requires every order and judgment in probate proceedings which affects the rights of any person to be made in open court except in a situation which is not material here. See *Estate of Richardson* (1937), 223 Wis. 447, 271 N. W. 56; *Will of Robinson* (1935), 218 Wis. 596, 261 N. W. 725.