ESTATE OF RULE: DYER, Appellant, vs. REYNOLDS, Administrator, Respondent.

*February 4—February 28, 1958.*

For the appellant there was a brief by *Knudson & Morrow* of Dodgeville, attorneys, and *George A. Solsrud* of Madison of counsel, and oral argument by *Mr. Solsrud.*

For the respondent there was a brief and oral argument by *James P. Fiedler* of Mineral Point.

BROADFOOT, J.   N. J. Rule was the husband of Luella Rule and they died within the same year. Their estates were probated simultaneously and the hearing herein and that on a claim by the same claimant against the estate of Luella Rule were heard on the same day. At this hearing the claimant

was called as a witness and testified to the amount of funds she had loaned to her father. Carl Rule, her brother, also appeared as a witness and testified that he had heard a conversation between the claimant and his father wherein the deceased had acknowledged the amount of the loan and that deceased told claimant she would have to file a claim and get her money from his estate. Marguerite Williams, a sister of the claimant, also testified. She corroborated the testimony of the others as to the amount of the loan. She could not remember any statement made by her father with reference to the maturity of the loan. However, the testimony of Carl Rule was uncontradicted in any way.

The trial court in this case also considered that the filing of the complaint, at his request, was an amendment that increased the amount and nature of the claim and, as it was presented after the time for filing claims had expired, he must dismiss and disallow the claim.

This case is controlled by *Estate of Rule,* ante, p. 301, 88 N. W. (2d) 734. The parties were sufficiently apprised by the claim as filed to know the issues. The issues were fairly tried. There is no dispute as to the amount of the loan. Since no request was made for interest, none will be allowed, but the claim should be allowed in full in the sum of $500.

*By the Court.*—Judgment reversed. Cause remanded with directions to enter judgment in favor of the claimant.

STEINLE, J., dissents.